[No. 15482.   Department One.   September 15, 1920.]

THE CITY OF SPOKANE, *Respondent*, v. CHARLES DALE, *Appellant*.[1]

CRIMINAL LAW (259)—TRIAL—INSTRUCTIONS—ASSUMING FACTS. In a prosecution for the violation of an ordinance, an instruction that accused would be guilty of "transporting liquor", within the meaning of the ordinance, if the jury believed that he hired and had control of a taxicab in which the suit cases containing liquor were carried, is prejudicial error in that it assumes the article transported was intoxicating liquor and also that the suit cases were carried and taken by the defendant.

Appeal from a judgment of the superior court for Spokane county, Huneke, J., entered March 24, 1919, upon a trial and conviction of violating an ordinance. Reversed.

ᵃReported in 192 Pac. 921.

*W. C. Donovan* and *Geo. H. Armitage,* for appellant.
*J. M. Geraghty* and *Arthur L. Hooper,* for respondent.

MITCHELL, J.—Appellant was tried and convicted in the superior court of Spokane county of the crime of transporting intoxicating liquor in the city of Spokane in violation of a city ordinance. From judgment and sentence pronounced upon a verdict of guilty, he has appealed.

It appears that the appellant hired a limousine and was taken therein to the Union railway station in the city. On alighting, he talked a few minutes with two persons, whereupon all three went into the station building and shortly came out, the two other persons carrying a suit case and two hand bags, which were placed by them in the body of the limousine. The appellant got in the car on the seat with the driver and was taken to an apartment house on Washington street, several blocks from the railway station. After stopping in an alleyway at the side or rear of the apartment house, appellant was arrested while standing by the open door of the car, and the suit case and hand bags, which were found to contain intoxicating liquor, were seized by the officer.

After all the testimony had been taken, the court instructed the jury, in the course of which he set out in full that portion of the ordinance regulating the transporting of intoxicating liquors in the city which it was charged had been violated by the appellant. While the attorney for the appellant was addressing the jury, a controversy arose, upon the objection of the city's attorney, over the manner of the argument as to what constituted the transportation of intoxicating liquor. In the presence of the jury, the court said:

"Well, if I had thought that the question could arise,
I would have incorporated an instruction to the jury
upon the meaning of that word. I shall reduce to writ-
ing an additional instruction upon that question, and
shall read it to the jury before the argument is con-
cluded, the substance of which will be, gentlemen of
the jury, that if you should find from the evidence in
this case that the defendant had the direction or con-
trol of the taxicab there in going from the station to
this point on Washington street, that, under the law,
he would be transporting the suit cases and grips and
their contents."

An exception was taken by counsel for the appellant.

The record is not clear whether it was before or
after the conclusion of the argument of appellant's
counsel that the court prepared and submitted to the
jury an instruction in writing, as follows:

"Upon the meaning of this word 'transport,' ladies
and gentlemen, I instruct you that if you believe that
the defendant had hired a taxicab, or had the control
or direction of the taxicab in which the suit cases con-
taining liquor were carried and taken by the defend-
ant, or under his direction, from the Union Station to
the apartments on Washington street, that he would
be transporting liquor within the meaning of the city
ordinance."

Due and proper exception was taken to the giving
of this instruction.

The giving of the last instruction is assigned as re-
versible error. It is plain from the clear import of the
language that the court, in defining the word "trans-
port" as it is used in the city ordinance, went beyond
and took for granted or assumed that the article trans-
ported was intoxicating liquor, and also that the suit
cases containing the intoxicating liquor were carried
and taken by the defendant, or under his direction,
from the Union station to the apartment house on
Washington street. Both assumptions related to mat-

ters of fact which had been put in issue by appellant's plea of not guilty, and were for the determination of the jury. The language of the court relating to those matters of fact violated Const., art. 4, § 16, viz.: "Judges shall not charge juries with respect to matters of fact, nor comment thereon, but shall declare the law."

The error was prejudicial and warrants a reversal. The judgment is reversed, and the cause remanded with direction to grant a new trial.

HOLCOMB, C. J., PARKER, MAIN, and MACKINTOSH, JJ., concur.