[No. 20048. Department One. December 20, 1926.]

THE STATE OF WASHINGTON, *Respondent*, v. T. H.
JOHNSON *et al.*, *Defendants*, JAMES
KENDALL, *Appellant*.[1]

[1] CRIMINAL LAW (216)—TRIAL—REMARKS AND CONDUCT OF JUDGE—
COMMENT ON EVIDENCE. It is not unlawful comment on the evi-
dence for the court, in ruling upon an objection, to caution coun-
sel not to distort the evidence, where counsel engaged in argu-
ment with a witness as to his testimony.

[2] SAME (447)—REVIEW—HARMLESS ERROR—CROSS-EXAMINATION OF
STATE'S WITNESS. Error cannot be assigned on the state's cross-
examination of one of its own witnesses on the subject of identi-
fication, where the witness was simply asked questions tending
to bring out the best identification the witness could make.

[3] WITNESSES (106) — IMPEACHMENT — CROSS-EXAMINATION AS TO
CONVICTION OF CRIME. It was not error to cross-examine a wit-
ness to show that he had been previously convicted, notwith-
standing an appeal was pending from the conviction.

[4] CRIMINAL LAW (426)—REVIEW—PARTIES ENTITLED TO ALLEGE
ERROR. Accused cannot assign error in that his co-defendant,
testifying in his own behalf, was asked on cross-examination
whether he had been convicted of crime.

[5] SAME (458)—ROBBERY (12)—SENTENCE—EXTENT OF. A sentence
of from twenty to thirty years for robbing a bank is not ex-
cessive where the crime was committed by defendants armed
with weapons, and might have resulted in a murder.

Appeal from a judgment of the superior court for
King county, Jones, J., entered December 12, 1925,
upon a trial and conviction of robbery. Affirmed.

*Crandell & Crandell*, for appellant.

*Ewing D. Colvin, Robert S. Macfarlane* and *James
M. Bailey*, for respondent.

HOLCOMB, J.—Appellant and another were jointly
tried, convicted, and both sentenced to indeterminate

[1] Reported in 251 Pac. 589.

terms of not less than twenty, nor more than thirty years, in the state penitentiary. Appellant alone appeals.

The evidence for the prosecution showed that about noon, on September 29, 1925, appellant and his co-defendant entered the Queen City State Bank in Fremont, a suburb of Seattle. Both men were armed and ordered the patrons then in the bank and the officers of the bank to lie down on the floor. One of the clerks, named Jurey, ran to his room pursued by one of the armed robbers, succeeded in getting in his room and closing the door and giving an alarm. Approximately $6,490 was taken from the bank. Both appellant and his co-defendant were positively identified by employees of the bank and patrons present at the time. Appellant attempted to escape in an automobile, was pursued and apprehended when the car became involved in a wreck. Appellant was injured in the accident and was removed by bystanders from the wrecked car.

During the trial of the case, upon the cross-examination of witness Williams, cashier of the bank, the following questions and answers were made:

"Q. What kind of a coat did Mr. Fenning, the man with the red hair, whom you claim to identify, wear, when you claim he came toward you at the vault? A. He just had a suit on. Q. I didn't ask you about the suit; I asked you what kind of a coat he had on? A. I didn't pay so awful much attention to it. My remembrance is it was kind of a blue coat. Q. A blue coat? A. I wouldn't say positively it was blue; no. Q. Then why did you just say it was blue? A. Well, I said it was kind of a blue. Q. Well, was it or was it not a blue coat? A. I could not say. Q. Then why did you say a moment ago it was blue? You have said this is the man; and you have said, in response to a question, he wore a blue coat. Now you say you won't

say whether it was blue or not? A. No. Q. Well, was it blue or was it not blue? A. I paid more attention to the gun. Q. I didn't ask you about the gun. Don't evade the question. Was it blue or was it not blue? A. I don't know whether it was or not. Q. You don't know whether it was or not. Then why did you presume to answer, when a man's liberty is at stake, and say it was blue when you don't know? MR. McFARLANE: It seems to me he is arguing with the witness; objected to for that reason. MR. CRANDELL: That would be true, if it were not for the witness' statement. It is a serious matter, and I should be allowed the fullest latitude. THE COURT: I think you should; but you should not be allowed, at the same time, to distort the statement of the witness. MR. CRANDELL: Of course, to that statement, I desire an exception, as being a comment on the evidence.''

[1] The first claim of error is that the court erred in commenting upon the evidence by stating that counsel for the defense had ''distorted the statement of the witness.''

To sustain this claim, appellant cites article IV, §16 of the state constitution, providing that judges shall not charge juries with respect to matters of fact, nor comment thereon, and our cases of *State v. Crotts,* 22 Wash. 245, 60 Pac. 403; *State v. Jackson,* 83 Wash. 514, 145 Pac. 470; *Eckhart v. Peterson,* 94 Wash. 379, 162 Pac. 551; *State v. Warwick,* 105 Wash. 634, 178 Pac. 977; *State v. Herwitz,* 109 Wash. 153, 186 Pac. 290; *Spokane v. Dale,* 112 Wash. 533, 192 Pac. 921; *State v. Godwin,* 136 Wash. 582, 240 Pac. 897.

The trial court instructed the jury, as is usual, that it had not intentionally commented on the evidence or upon the credibility of any witness, and, if it seemed to the jury that such had been the case, the jury were instructed to entirely disregard the same and determine the facts solely from the evidence introduced.

It will be observed, from the testimony heretofore quoted, that the witness had not testified that the appellant had on a blue coat, but his co-defendant, Fenning, had on a coat which was, according to the witness' impression, a kind of a blue coat; that he would not say positively that it was blue. Appellant's attorney, in the heat of cross-examination, argued with the witness that he had said that it was a blue coat. When the attorney for the state objected to the cross-examination on the ground that counsel for appellant was arguing with the witness, counsel for appellant insisted that, in such a serious matter, he should be allowed the fullest latitude. The court agreed with him, and merely warned him that he should not distort the statement of the witness. This statement of the court was made to the attorney in a ruling upon an objection, and given as a warning to the attorney, which was perfectly legitimate. It was not a statement made to the jury, and was not an unconstitutional comment upon the evidence. 16 C. J. 829; *State v. Brehan, post,* p. 515, 252 Pac. 128.

We find no merit in the above contention.

[2] The second claim of error is for permitting counsel for the state to cross-examine the state's witness, Jurey, in the absence of surprise or that the witness was hostile to the state. The record shows that this identification also went to the co-defendant of appellant, and further shows that counsel for the state merely asked the witness questions tending to bring out the best identification the witness could make of the man who pursued him to the door of his room.

We find no error in it.

[3] The next claim is that the court erred in allowing the state, on cross-examination of a witness, to show that the witness had been convicted of a crime, when an appeal was pending from the conviction.

The conviction was final, unless this court should determine, as a matter of law, that the conviction was wrong. *State v. Zounick,* 133 Wash. 638, 234 Pac. 659.

It is the verdict of the jury upon such an occasion that affects the credibility of a witness. Prior to the trial and verdict of guilty, the law presumes that he was not guilty, but, when the jury find that he was guilty, the presumption of innocence is wiped out and the opposite presumption prevails. *Manning v. State,* 7 Okl. Cr. 367, 123 Pac. 1029; *Porter v. State,* 20 Okl. Cr. 355, 202 Pac. 1039; *Newcomb v. State* (Okl.) 213 Pac. 900.

As to the propriety generally of such a showing by cross-examination, see *State v. Turner,* 115 Wash. 170, 196 Pac. 638; *State v. Cole,* 118 Wash. 511, 203 Pac. 942.

[4] The last two cases above cited govern the fourth assignment of error in that the court required appellant's co-defendant, testifying on his own behalf on cross-examination by the state, to testify that he had been previously convicted of the crime of burglary. Moreover, the co-defendant only could raise this question in any event, it not being an error available to appellant, and the co-defendant has not appealed.

[5] The last complaint is upon the sentence of the court. Appellant contends that his co-defendant had been shown to have had a prior bad criminal record, and that the sentence of appellant to the same term as that of his co-defendant is excessive.

It seems to us that under the circumstances surrounding the crime charged and proven in this case, which might have resulted in murder, appellant has no reason to complain.

Rem. Comp. Stat., §2418 [P. C. §9116] provides that every person who shall commit robbery shall be pun-

ished by imprisonment in the state penitentiary for not less than five years. It will be observed that there is no statutory maximum.

We do not think the trial court abused its discretion in this case, and see no reason to disturb the judgment and sentence.

The judgment is affirmed.

TOLMAN, C. J., FULLERTON, MAIN, and MITCHELL, JJ., concur.