[No. 31335. Department Two. November 30, 1950.]

THE STATE OF WASHINGTON, *Respondent*, v. JAMES J. ROBBINS, *Appellant.*[1]

*Geo. H. Crandell*, for appellant.

*Charles O. Carroll* and *Burton S. Robbins*, for respondent.

ROBINSON, J.—The information in this cause charged the defendant with burglary in the second degree. The evidence

[1]Reported in 224 P. (2d) 1076.

showed that the Huling Bros. Garage had been burglarized, and that a Plymouth automobile and a safe, the latter containing, among other items, cash and checks, had been taken therefrom. After a lengthy trial to a jury, the defendant was found guilty of the crime as charged.

Error is alleged relative to the claimed misconduct of the deputy prosecuting attorney. In the course of his cross-examination of the appellant, the following interchange took place:

"Q. You know auto parts pretty well, don't you, Jimmy? A. Yes, I imagine. Q. You have worked a lot on cars, haven't you? A. Yes. Q. Stolen cars and other cars?"

At this point, counsel for appellant at once interposed an objection and requested the court to declare a mistrial. The court excused the jury and strongly admonished the prosecuting attorney, but denied the motion for a mistrial. We think the court dealt adequately with the situation. Our decisions have frequently held that, to warrant a new trial, error complained of must have been prejudicial to the substantial rights of an appellant. *State v. Britton*, 27 Wn. (2d) 336, 178 P. (2d) 341; *State v. Moore*, 35 Wn. (2d) 106, 211 P. (2d) 172. In this instance, the jury had previously been informed, by appellant's own testimony, that he had received two prior convictions, one in connection with a charge of riding in a stolen car, and one for the wrongful taking of an automobile. The state's exhibit No. 23, which was later placed in evidence, was a report of the first of these cases, and it showed that the actual charge was "taking motor vehicle without permission of owner." We do not wish to be understood as condoning the question of the prosecuting attorney. In other circumstances, it might well be good grounds for a reversal; but, in view of the record as it existed in this case, the suggestion to the jury that appellant had previously been involved with stolen automobiles can have done him little harm.

Appellant also urges that it was improper for the prosecuting attorney to inquire as to the second of appellant's convictions, since his appeal from this conviction was then

pending, and particularly since it was subsequently re-versed. See *State v. Robbins,* 35 Wn. (2d) 389, 213 P. (2d) 310. This point, however, was settled by the case of *State v. Johnson,* 141 Wash. 324, 251 Pac. 589, wherein it was claimed that the court erred in allowing the state, on cross-examination of a witness, to show that the witness had been convicted of a crime when an appeal was pending from the conviction. We there stated:

"It is the verdict of the jury upon such an occasion that affects the credibility of a witness. Prior to the trial and verdict of guilty, the law presumes that he was not guilty, but, when the jury find that he was guilty, the pre-sumption of innocence is wiped out and the opposite pre-sumption prevails."

The cross-examination was held proper, and we think the case controlling here.

Finding no substance in the errors alleged by appellant, we affirm the judgment of the trial court.

SIMPSON, C. J., MALLERY, HILL, and HAMLEY, JJ., concur.

---

January 8, 1951. Petition for rehearing denied.