[No. 44738. En Banc. November 3, 1977.]

THE STATE OF WASHINGTON, *Respondent,* v. JAMES EDWARD RUZICKA, *Appellant.*

218

*King, King & Davidson,* by *Rebecca French* and *Robert T. Czeisler,* for appellant.

*Christopher T. Bayley, Prosecuting Attorney,* and *Ronald H. Clark, Senior Deputy,* for respondent.

*Robert E. Schillberg, Prosecuting Attorney for Snohomish County,* and *David G. Metcalf, Deputy,* amici curiae.

HAMILTON, J.—Defendant (appellant) was convicted by a jury of two counts of first–degree murder. The only issues on appeal concern the interpretation and constitutionality of RCW 10.52.030, which allows the parties in a criminal trial to impeach any witness, including the defendant if he should take the stand, by introducing the witness' prior convictions.[1]

Prior to his trial, defendant made a motion in limine requesting the court to prohibit the prosecutor from cross-examining the defendant regarding his prior convictions. At the hearing on the motion, defendant's counsel argued that RCW 10.52.030 gives the court discretion to exclude evidence of a defendant's prior convictions if the court determines the possible prejudicial effect upon a jury in admitting these prior convictions outweighs their probative value regarding the defendant's credibility. Defendant's counsel argued that in the present case the possible prejudicial effects of defendant Ruzicka's prior convictions upon the jury required the court to exclude introduction of these convictions by the prosecutor.[2] When asked to comment on *State v. Santiago,* 53 Hawaii 254, 492 P.2d 657 (1971), a case in which the Hawaii Supreme Court found a similar statute unconstitutional as imposing a penalty on a defendant's right to testify, defendant's counsel stated that

---

[1] "Every person convicted of a crime shall be a competent witness in any civil or criminal proceeding, but his conviction may be proved for the purpose of affecting the weight of his testimony, either by the record thereof, or a copy of such record duly authenticated by the legal custodian thereof, or by other competent evidence, or by his cross-examination, upon which he shall answer any proper question relevant to that inquiry, and the party cross-examining shall not be concluded by his answer thereto." RCW 10.52.030.

[2] Although official records of defendant Ruzicka's prior convictions were not furnished to us, it appears the prosecutor intended to cross-examine Ruzicka

*Santiago* was a far–reaching decision, but the trial court did not need to go that far in excluding evidence of the defendant's prior convictions in the present case. Defense counsel limited his argument to the issue of whether the trial court had discretion under RCW 10.52.030 to admit or exclude prior convictions. The court ruled it lacked discretion and denied defendant's motion.

At trial, defendant called two witnesses but did not take the stand himself. No offer of proof was made regarding what the defendant's testimony would have covered if he had taken the stand. As stated earlier, the defendant was convicted of two counts of first–degree murder.

Defendant makes two contentions on appeal which he asserts are grounds for granting him a new trial. First, he contends we should interpret RCW 10.52.030 as giving the trial court discretion to exclude evidence of a defendant's prior convictions when the trial court concludes the possible prejudicial effect upon the jury in admitting these prior convictions outweighs their probative value regarding the defendant's credibility. Second, he contends that if we find RCW 10.52.030 does not give the trial court such discretion, then RCW 10.52.030 is unconstitutional because it denies a criminal defendant due process and equal protection of the laws, deprives the defendant of an impartial jury, and abridges a defendant's right to testify on his own behalf.

■ Before reaching these primary issues, we deem it necessary to discuss two procedural matters. First, we are concerned that defendant did not present the constitutional arguments to the trial court for its consideration. Generally, a question raised for the first time on appeal will not be considered. However, because the constitutional issues raised here present a question of whether the defendant's constitutional rights guaranteeing him a fair trial (which include all of the constitutional issues raised by defendant)

regarding alleged prior convictions for burglary, second–degree assault, and assault with intent to commit rape.

were violated by the trial court's ruling that it lacked discretion, we find the constitutional arguments raised by defendant to be properly before us. *See State v. Peterson,* 73 Wn.2d 303, 438 P.2d 183 (1968); *State v. Luoma,* 14 Wn. App. 705, 544 P.2d 770 (1976), *rev'd on other grounds,* 88 Wn.2d 28, 558 P.2d 756 (1977); RAP 2.5(a).

The second matter with which we are concerned is whether the record is sufficient for a finding that defendant was prejudiced by the trial court's denial of his motion in limine. The record does not disclose whether the defendant failed to take the stand because he did not wish to have his prior convictions revealed to the jury or because of some other reason, *e.g.,* he may not have desired to subject himself to the cross–examination of the prosecuting attorney regarding his involvement in the crimes for which he was convicted. We do note that defense counsel did ask for a ruling on his motion in limine prior to trial for the purpose of advising his client whether or not to testify, but the record does not reflect that defendant's counsel advised defendant not to take the stand solely on the basis of the trial court's ruling, nor does the record show that the defendant's failure to take the stand directly resulted from the trial court's denial of his motion. However, because of our disposition of this appeal, we do not believe this failure to fully preserve the issue is fatal. For the purposes of this appeal though, we will make certain assumptions. We will assume that if the defendant had testified, the prosecutor would have cross–examined him regarding his prior convictions for impeachment purposes only, and the trial court would have given instructions to the jury charging it to consider the defendant's prior convictions on the issue of the defendant's credibility only.

Defendant first argues that RCW 10.52.030 vests the trial court with discretion to exclude evidence of his prior convictions because that statute states that a witness' "conviction *may* be proved for the purpose of affecting the weight of his testimony . . ." (Italics ours.) By using the word "may", defendant argues, the legislature intended to confer

discretion on the trial court to exclude evidence of a defendant's prior convictions if the trial court finds the possible prejudicial effects upon the jury in admitting the defendant's prior convictions outweigh their probative value in testing the defendant's credibility.

Our prior interpretations of RCW 10.52.030 have not found it to confer such discretion on the trial court. In *State v. Bezemer,* 169 Wash. 559, 14 P.2d 460 (1932), the prosecutor cross–examined the defendant regarding the defendant's prior conviction for kidnapping. The kidnapping conviction had occurred some 22 years prior to the defendant's testimony. On appeal, the defendant challenged the prosecutor's use of this prior conviction on the grounds it was too remote in point of time to aid the jury in determining the defendant's credibility. We pointed out that RCW 10.52.030 (then Rem. Comp. Stat. § 2290) contained no restriction as to the remoteness of the conviction sought to be used to impeach the defendant and held such cross–examination permissible. In *State v. Smithers,* 67 Wn.2d 666, 409 P.2d 463 (1965), the prosecutor cross–examined the defendant regarding his prior convictions for crimes similar to the ones for which he was standing trial. On appeal, defendant argued that the trial court erred in permitting the state to question him regarding the nature of these crimes, since this testimony unduly prejudiced him in the eyes of the jury. In affirming the trial court, we noted that RCW 10.52.030 does not distinguish between what convictions may and may not be proved. We held that a witness' credibility can be impeached by proof of a prior conviction, even when that prior conviction was for a crime similar to the one for which the witness was standing trial. It has been consistently held that RCW 10.52.030 does not contain any exceptions. *State v. Robinson,* 75 Wn.2d 230, 450 P.2d 180 (1969); *accord, State v. Bergen,* 13 Wn. App. 974, 538 P.2d 533 (1975); *State v. Johnson,* 1 Wn. App. 553, 463 P.2d 205 (1969).

Other courts have followed defendant's argument and have interpreted similar statutes as giving the trial court

discretion to exclude evidence of a defendant's prior conviction. *See, e.g., Luck v. United States,* 348 F.2d 763 (D.C. Cir. 1965); *State v. Martin,* 217 N.W.2d 536 (Iowa 1974); *People v. Jackson,* 391 Mich. 323, 217 N.W.2d 22 (1974). The interpretation of the federal court of appeals in *Luck* is fairly indicative of the reasons given by these courts for adopting an interpretation giving the trial court discretion.

Section 305 is not written in mandatory terms.[6] It says, in effect, that the conviction "may," as opposed to "shall," be admitted; and we think the choice of words in this instance is significant. The trial court is not *required* to allow impeachment by prior conviction every time a defendant takes the stand in his own defense. The statute, in our view, leaves room for the operation of a sound judicial discretion to play upon the circumstances as they unfold in a particular case.

[6]14 D.C. Code § 305 (1961) reads in pertinent part as follows:

"No person shall be incompetent to testify, in either civil or criminal proceedings, by reason of his having been convicted of crime, *but such fact may be given in evidence to affect his credit as a witness,* either upon the cross–examination of the witness or by evidence aliunde; and the party cross–examining him shall not be concluded by his answers as to such matters. * * * [Emphasis added.]"

*Luck v. United States, supra* at 767–68. We do not agree with such an interpretation.

██ In our view the legislature's use of the word "may" in RCW 10.52.030 confers discretion on the parties whether to cross–examine a witness regarding that witness' prior convictions. In this respect we adopt the reasoning of the New Jersey Supreme Court in interpreting its statute[3] in

[3]N.J. Stat. Ann. § 2A:81–12 (West) provides:
"For the purpose of affecting the credibility of any witness, his interest in the result of the action, proceeding or matter or his conviction of any crime may be shown by examination or otherwise, and his answers may be contradicted by other evidence. Conviction of crime may be proved by the production of the record thereof, but no conviction of an offender shall be received in evidence against him in a civil action to prove the truth of the facts upon which the conviction was based."

*State v. Hawthorne,* 49 N.J. 130, 134–35, 228 A.2d 682 (1967):

> In our judgment both the history of the statute and the context in which the word "may" appears refute the idea that the Legislature intended to invest the courts with discretion to admit or exclude evidence of a defendant's previous convictions of crime. It must be remembered that in earlier days Hawthorne's convictions would have disqualified him as a witness. Then the Legislature decided total disqualification was too harsh a sanction to add to the punishment prescribed and imposed upon the convict for his crime. In furtherance of that decision it directed that the convicted person should be admitted as a witness, if he chose to testify. But it added that if he did take the witness stand his previous conviction of crime "may" be shown for the purpose of affecting his credibility. In the context "may" connotes an authorization, a grant of permission to the parties to civil or criminal actions to show the witness's previous criminal conviction by testimonial examination or by production of the record. . . . Thus, the "may" in the statute does not bespeak a grant of permission or discretion to the trial judge to receive or reject the proof. On the contrary, the parties are invested with the option and if it is exercised the examination must be allowed or the record of conviction received when offered.

Although we interpret RCW 10.52.030 as not vesting the trial court with discretion to exclude evidence of a witness' prior convictions offered by a party, we wish to point out this interpretation does not mean we would not consider a court rule vesting the trial court with such discretion.[4] *See State v. Murray,* 86 Wn.2d 165, 170–72, 543 P.2d 332 (1975) (Rosellini, J., concurring). It is beyond the role of

---

[4]Rule 609 of the Federal Rules of Evidence makes evidence of a witness' prior convictions admissible only if the trial court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant. Rule 609 of the Uniform Rules of Evidence is substantially to the same effect. *See* 13 U.L.A. 231–32 (1975). The Judicial Council is currently reviewing the Uniform Rules of Evidence regarding their possible adoption in this state. A rule giving the trial court such discretion may result from the Judicial Council's recommendations.

this court to make such a determination in the context of this appeal under the guise of interpreting a statute which has been interpreted many times in the past as not giving the trial court such discretion. We merely hold today that RCW 10.52.030 does not give the trial court discretion to exclude competent evidence of a witness' prior convictions once such evidence has been offered by one of the parties.

Because we find RCW 10.52.030 does not give the trial court discretion to exclude evidence of a witness' prior convictions, the constitutional issues raised by defendant must necessarily be answered. Defendant argues that RCW 10.52.030, if interpreted as giving the trial court no discretion to exclude evidence of a witness' prior conviction, violates federal and state constitutional guaranties of due process,[5] equal protection,[6] an impartial jury,[7] and a criminal defendant's right to testify on his own behalf.[8]

Defendant's due process argument is premised on two underlying assumptions. First, he asserts that there is no reasonable nexus between a person having been convicted of a crime and that person's propensity to lie on the witness stand. This contention has found strong support by some commentators. *See, e.g.,* Cohen, *Impeachment of a Defendant–Witness by Prior Conviction,* 6 Crim. L. Bull. 26 (1970); Spector, *Impeaching the Defendant by his Prior Convictions and the Proposed Federal Rules of Evidence: A Half Step Forward and Three Steps Backward,* 1 Loyola U.L.J. 247 (1970); Ladd, *Credibility Tests—Current Trends,* 89 U. Pa. L. Rev. 166 (1940); Note, 37 U. Cin. L. Rev. 168 (1968); Note, 21 Wayne L. Rev. 1497 (1975). The Hawaii Supreme Court appears to have somewhat adopted this approach in *State v. Santiago,* 53 Hawaii 254, 492 P.2d 657 (1971), discussed below.

---

[5]U.S. Const. amend. 14, § 1; Const. art. 1, § 3.

[6]U.S. Const. amend. 14, § 1; Const. art. 1, § 12.

[7]U.S. Const. amend. 6; Const. art. 1, § 22 (amendment 10).

[8]U.S. Const. amend. 14; *see In re Oliver,* 333 U.S. 257, 273, 92 L. Ed. 682, 68 S. Ct. 499 (1948); Const. art. 1, § 22 (amendment 10).

The opposite viewpoint, *i.e.,* there is a nexus between a person's propensity to lie and his having committed prior crimes, is best stated by the New Hampshire Supreme Court in *State v. Duke,* 100 N.H. 292, 293–94, 123 A.2d 745 (1956):

> The object of a trial is not solely to surround an accused with legal safeguards but also to discover the truth. What a person is often determines whether he should be believed. When a defendant voluntarily testifies in a criminal case, he asks the jury to accept his word. No sufficient reason appears why the jury should not be informed what sort of person is asking them to take his word. In transactions of everyday life this is probably the first thing that they would wish to know. So it seems to us in a real sense when a defendant goes onto the stand, "he takes his character with him." . . . Lack of trustworthiness may be evinced by his abiding and repeated contempt for laws which he is legally and morally bound to obey, as in the case at bar, though the violations are not concerned solely with crimes involving "dishonesty and false statement."

(Citations omitted.) *See also* 1 S. Yochelson & S. Samenow, *The Criminal Personality* 348–58 (1976).

█ It would appear from a review of the above–cited authorities that at best it is a debatable question whether there is a nexus between a person having committed crimes and that person's propensity to lie. While choosing which viewpoint to adopt would be highly relevant if we were determining, in our rule–making capacity, whether to allow into evidence a witness' prior convictions for impeachment purposes, this choice is not before us today. The legislature, by enacting RCW 10.52.030, has already made its determination that there may be such a nexus which is not an unreasonable determination in light of the controvertible viewpoints which have been expressed on the subject. The legislature certainly has the power to adopt the view that a jury may find that a person who has been convicted of a crime may be less creditable as a witness than a person who has never been convicted of a crime. *See, e.g., United States v. Belt,* 514 F.2d 837 (D.C. Cir. 1975); *Dixon v.*

*United States,* 287 A.2d 89 (D.C. 1972); *Hubbard v. Wilson,* 401 F. Supp. 495 (D. Colo. 1975); *cf. Marshall v. Martinson,* 268 Ore. 46, 518 P.2d 1312 (1974). It must be kept in mind that RCW 10.52.030 is not mandatory in the sense that a jury must find a person who has been convicted of a crime less creditable than a person who has never been convicted of a crime. RCW 10.52.030 merely allows a party to place the witness' record of prior convictions before the trier of fact, and it is then up to the trier of fact to determine what weight to give this evidence in assessing the witness' credibility. Depending on various other factors, such as the witness' demeanor on the witness stand or the witness' motivation to lie, the trier of fact may decide there is no nexus between that witness' prior convictions and his propensity to lie and thus disregard the witness' record of prior convictions in finding the witness' testimony creditable. If or until RCW 10.52.030 is superseded by another statute or a court rule, it cannot fall simply because some may argue there is no nexus between a person having been convicted of a crime and that person's propensity to lie.

Defendant's second underlying assumption upon which he premises his due process argument is that limiting instructions to the jury which charge the jury to use the evidence of the witness' prior convictions only for judging the witness' credibility do not adequately protect a defendant should he take the stand. Defendant asserts that juries tend to disregard these instructions and more readily convict a defendant who has prior convictions because of these prior convictions. He argues that jurors tend to convict a defendant whom they know has committed crimes in the past, because the jury will believe that the defendant is more likely to have committed the crime for which he is currently standing trial because he has broken the law in the past. *See* Comment, *Other Crimes Evidence at Trial: Of Balancing and Other Matters,* 70 Yale L.J. 763 (1961).

In support of his assertion, defendant cites *Bruton v. United States,* 391 U.S. 123, 20 L. Ed. 2d 476, 88 S. Ct.

1620 (1968), in which the Supreme Court reversed defendant Bruton's jury conviction because his codefendant's (one Evans') confession implicating Bruton was read to the jury. The jury had been instructed to disregard Evans' confession when deliberating on Bruton's innocence or guilt and the court noted it could not determine whether the jury did or did not ignore Evans' statement in finding Bruton guilty. The court then concluded the limiting instruction given to the jury an inadequate substitute for Bruton's constitutional right to cross–examine Evans, who did not take the stand during their joint trial. In passing, the court stated that its opinion should not be read as evincing a general distrust of juries following the instructions of the trial court.

> Not every admission of inadmissible hearsay or other evidence can be considered to be reversible error unavoidable through limiting instructions; instances occur in almost every trial where inadmissible evidence creeps in, usually inadvertently. "A defendant in entitled to a fair trial but not a perfect one." *Lutwak* v. *United States,* 344 U. S. 604, 619 [97 L. Ed. 593, 73 S. Ct. 481 (1953)]; see *Hopt* v. *Utah,* 120 U. S. 430, 438 [30 L. Ed. 708, 7 S. Ct. 614 (1887)]; cf. Fed. Rule Crim. Proc. 52(a). It is not unreasonable to conclude that in many such cases the jury can and will follow the trial judge's instructions to disregard such information.

*Bruton v. United States, supra* at 135.

We do not believe *Bruton* can be read so broadly that we must find limiting instructions an inadequate protection for insuring that the jury will only consider a defendant's record of prior convictions in judging the defendant's credibility as a witness. In *Bruton,* the jurors had heard the confession of Evans and were well aware that this confession inculpated Bruton, yet they were instructed to totally disregard Evans' confession when determining Bruton's innocence or guilt. We think it can be said with a high degree of certainty that the limiting instruction in *Bruton* required the jurors to perform in the oft–quoted words of Judge Learned Hand "a mental gymnastic which is beyond,

not only their powers, but anybody's else." *Nash v. United States,* 54 F.2d 1006, 1007 (2d Cir. 1932). However, a different situation occurs when the jury is instructed to use evidence of a defendant's prior convictions only in determining a defendant's credibility. Evidence of a witness' prior convictions is not inadmissible evidence which should not be placed before the jury for any reason. The members of the jury are not asked to completely erase from their minds evidence which they have already heard; rather, the jury is instructed to use this evidence in a limited manner in arriving at its decision on the defendant's innocence or guilt. This is a substantially different situation from that confronted by the defendant in *Bruton.* We are not convinced that juries either cannot or willfully do not follow the court's instructions to use evidence of a defendant's prior criminal record only in weighing the defendant's veracity on the witness stand.

Additional support for our reliance on limiting instructions as an adequate protection of the defendant's right to due process is found in *Spencer v. Texas,* 385 U.S. 554, 17 L. Ed. 2d 606, 87 S. Ct. 648 (1967). In *Spencer,* the Supreme Court reviewed Texas' recidivist or habitual criminal procedure which employed a unitary trial both to determine the defendant's innocence or guilt on the current charge and to determine whether the defendant was a habitual criminal subject to enhanced punishment. Under this unitary trial procedure, the jury was informed of the defendant's prior convictions before retiring to deliberate on the current charge. The court determined that a limiting instruction charging the jury to consider the defendant's prior convictions only when deliberating on the habitual criminal phase of the trial sufficiently protected the defendant from the jury using these prior convictions in its deliberations on the defendant's innocence or guilt on the current charge. Chief Justice Warren dissented. In reviewing the different reasons for allowing a jury to learn of a defendant's prior convictions, he concluded this unitary trial procedure violated the defendant's right to due process

because evidence of the defendant's prior convictions was irrelevant in determining the defendant's innocence or guilt on the current charge, the evidence not being introduced for some specific purpose, such as to impeach the defendant's credibility. Because the possibility of prejudice to the defendant was easily removed by having a bifurcated trial, the Chief Justice felt this unitary trial procedure violated the defendant's due process right. Although admittedly dictum, Chief Justice Warren's comments on introducing a defendant's prior convictions to impeach the defendant's credibility are most appropriate to the present discussion.

> Similarly, when prior convictions are introduced to impeach the credibility of a defendant who testifies, a specific purpose is thought to be served. The theory is that the State should be permitted to show that the defendant–witness' credibility is qualified by his past record of delinquent behavior. In other words, the defendant is put to the same credibility test as any other witness. A defendant has some control over the State's opportunity to introduce this evidence in that he may decide whether or not to take the stand. Moreover, the jury hears of the prior convictions following a defendant's testimony, and it may be thought that this trial context combined with the usual limiting instruction results in the jury's actually behaving in accordance with the theory of limiting instructions: that is, that the prior convictions are only taken into account in assessing the defendant's credibility.

*Spencer v. Texas, supra* at 577 (Warren, C.J., dissenting).

From the above discussion on limiting instructions, we think it sufficient to say we do not share defendant's view that limiting instructions do not adequately protect the defendant from the jury using evidence of the defendant's prior convictions improperly. Therefore, the prosecutor's proper introduction of a defendant's prior criminal record for impeachment purposes under the authority of RCW 10.52.030 does not violate a criminal defendant's right to due process.

■ Defendant next argues that mandatory admission of his prior convictions at the discretion of the prosecutor

deprives him of an impartial jury in violation of his right to a fair trial under U.S. Const. amend. 6 and Const. art. 1, § 22 (amendment 10). He asserts that the jury's impartiality is destroyed when it learns of these prior convictions. Of course, this argument is based on his contention that jurors do not follow the court's instruction to consider this evidence only in judging the defendant's credibility. As discussed earlier, we do not share defendant's view on this subject and hence do not believe RCW 10.52.030 deprives the defendant of an impartial jury. *See Dixon v. United States, supra* at 94.

■■ Defendant next argues that RCW 10.52.030 violates the equal protection clause of the federal constitution and the privileges and immunities clause of the state constitution for two reasons. First, he argues that RCW 10.52-.030 makes an arbitrary distinction between criminal defendants with prior convictions and those without prior convictions. However, it is only necessary that the different classifications be reasonable, not arbitrary, in order not to offend the federal and state "equal protection" clauses. *State v. Persinger,* 62 Wn.2d 362, 382 P.2d 497 (1963). As discussed previously, the legislature could reasonably adopt the view that a jury may find that a person who has previously been convicted of a crime may be less credible as a witness than a person with no prior criminal record. In addition, we have already noted that RCW 10.52.030 does not mandate that a jury find a witness less credible because that witness has been previously convicted of a crime. Thus, RCW 10.52.030 does not offend equal protection guaranties, because it treats differently those persons who have a criminal record.

Defendant next argues he was denied equal protection of the laws because RCW 5.60.040,[9] which applies to witnesses

---

[9]"No person offered as a witness shall be excluded from giving evidence by reason of conviction of crime, but such conviction may be shown to affect his credibility: *Provided,* That any person who shall have been convicted of the crime

in civil trials, leaves some room for discretion by the trial court in controlling the cross–examination of a witness regarding his prior convictions. *See Mullin v. Builders Dev. & Fin. Serv., Inc.,* 62 Wn.2d 202, 381 P.2d 970 (1963). In answer to this argument, we adopt the reasoning of the Colorado Supreme Court in *Lee v. People,* 170 Colo. 268, 272–73, 460 P.2d 796 (1969), in answering a similar contention:

> It cannot be said that the legislature's distinction between impeachment tools permitted in civil and criminal actions by C.R.S. 1963, 154–1–1 is without a reasonable basis. We need only point to the grave consequences of criminal proceedings where both the personal freedom of the accused and the interests of society as a whole are weighed in a delicate balance.
> It is certainly not unreasonable for the legislature to permit a more searching inquiry into the credibility of witnesses in a criminal trial where the burden is on the People to prove the guilt of the defendant beyond a reasonable doubt. Defendant's position seems to be that permitting impeachment of witnesses by reason of a felony committed more than five years before the testimony is given in some way discriminates against the defendant, but it is just as operative against witnesses who might be called by the People and permits the defendant the same searching inquiry.

Lastly, defendant contends that RCW 10.52.030 is unconstitutional as permitting the prosecutor to impose a penalty on the defendant for exercising his constitutional right to testify on his own behalf. This approach was adopted by the Hawaii Supreme Court in *State v. Santiago,* 53 Hawaii 254, 492 P.2d 657 (1971), in finding unconstitutional a Hawaii statute which allowed the prosecutor to impeach a defendant through introduction of the defendant's record of prior convictions.[10] The Hawaii court found introduction of a defendant's prior convictions to be of little assistance to the jury in its determination of

---

of perjury shall not be a competent witness in any case, unless such conviction shall have been reversed, or unless he shall have received a pardon." RCW 5.60.040.

[10]Haw. Rev. Stat. §§ 621–22.

whether the defendant's testimony as a witness was credible.

> [I]n light of the fact that every criminal defendant may be under great pressure to lie, the slight added relevance which even a perjury conviction may carry would not seem to justify its admission.

(Footnote omitted.) *State v. Santiago, supra* at 259. The court found the statute to be a penalty imposed on the defendant's constitutional right to testify in his own defense.[11]

■ However, we do not believe allowing the prosecutor to impeach a defendant through the introduction of the defendant's prior convictions for impeachment purposes constitutes an impermissible burden on the defendant's right to testify. Although there are other factors which the jury may consider in weighing the defendant's credibility, such as his demeanor and motivation to lie, this does not lessen the value of the defendant's prior criminal record as a further factor for the jury to consider. Because introduction of a defendant's prior convictions on cross–examination for impeachment purposes is thought to serve a useful purpose in helping the jury to weigh all of the evidence before it, RCW 10.52.030 cannot be construed as being a penalty imposed on a defendant's right to testify on his own behalf.

Not all burdens placed on the defendant's choice of whether to testify constitute impermissible penalties on his exercising his constitutional right to testify on his own behalf. For example, the police may obtain a statement from the defendant which violates his *Miranda*[12] rights.

---

[11]Our research has not turned up any subsequent court decisions which have chosen to follow the Hawaii Supreme Court's approach. *See, e.g., United States v. Belt,* 514 F.2d 837 (D.C. Cir. 1975); *State v. Mayes,* 110 Ariz. 318, 518 P.2d 568 (1974); *State v. Hackett,* 200 N.W.2d 493 (Iowa 1972); *People v. Downs,* 45 Mich. App. 130, 206 N.W.2d 241 (1973).

[12]*Miranda v. Arizona,* 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602, 10 A.L.R.3d 974 (1966).

Although his statement cannot be introduced in the prosecutor's case–in–chief, if the defendant chooses to testify the prosecutor can use the defendant's statement for impeachment purposes. *See Harris v. New York,* 401 U.S. 222, 28 L. Ed. 2d 1, 91 S. Ct. 643 (1971); *Riddell v. Rhay,* 79 Wn.2d 248, 484 P.2d 907 (1971). In deciding whether to testify, the defendant must weigh the pros and cons of perhaps having his previously inadmissible statement heard by the jury.[13] This procedure is not thought to be inconsistent with the defendant's right to testify.

Likewise in *McGautha v. California,* 402 U.S. 183, 28 L. Ed. 2d 711, 91 S. Ct. 1454 (1971), the Supreme Court determined that an Ohio procedure where a defendant's guilt and punishment (whether to impose the death penalty) were determined in a single trial, did not infringe on the defendant's right to testify. The defendant had contended this unitary trial procedure unconstitutionally burdened both his right to testify and his right to remain silent because he may wish to testify in one aspect of the trial but not in the other. The court found this procedure did not violate the defendant's right to remain silent or his right to testify[14] and, in passing, stated:

It has long been held that a defendant who takes the stand in his own behalf cannot then claim the privilege against cross–examination on matters reasonably related to the subject matter of his direct examination. See, *e. g., Brown v. Walker,* 161 U. S. 591, 597–598 (1896);

---

[13]The trial court in *Harris v. New York,* 401 U.S. 222, 28 L. Ed. 2d 1, 91 S. Ct. 643 (1971), instructed the jury that the statements attributed to the defendant could be considered only in passing on the defendant's credibility and not as evidence of guilt.

[14]The court assumed, without deciding, that the federal constitution requires the defendant be given an opportunity to be heard regarding his sentencing. *McGautha v. California,* 402 U.S. 183, 218–19, 28 L. Ed. 2d 711, 91 S. Ct. 1454 (1971). This issue regarding defendant's right to be heard during the trial on his guilt or innocence has already been decided in favor of the defendant. *See In re Oliver,* 333 U.S. 257, 273, 92 L. Ed. 682, 68 S. Ct. 499 (1948); Const. art. 1, § 22 (amendment 10).

*Fitzpatrick* v. *United States,* 178 U. S. 304, 314–316 (1900); *Brown* v. *United States,* 356 U. S. 148 (1958). It is not thought overly harsh in such situations to require that the determination whether to waive the privilege take into account the matters which may be brought out on cross–examination. It is also generally recognized that a defendant who takes the stand in his own behalf may be impeached by proof of prior convictions or the like. See *Spencer* v. *Texas,* 385 U. S., at 561; cf. *Michelson* v. *United States,* 335 U. S. 469 (1948); but cf. *Luck* v. *United States,* 121 U. S. App. D. C. 151, 348 F. 2d 763 (1965); *United States* v. *Palumbo,* 401 F. 2d 270 (CA2 1968). Again, it is not thought inconsistent with the enlightened administration of criminal justice to require the defendant to weigh such pros and cons in deciding whether to testify.

*McGautha v. California, supra* at 215.

Because the legislature acted within its powers when it adopted the view that a jury may find a witness who has been previously convicted of a crime less creditable than one who has never been convicted, we do not find RCW 10.52.030 constitutes an unconstitutional burden on the defendant's right to testify.

In conclusion, we find that RCW 10.52.030 does not give the trial court discretion to prohibit the prosecutor from introducing a witness' prior convictions on cross–examination for impeachment purposes and as so interpreted, RCW 10.52.030 is not unconstitutional as applied to the defendant. The trial court correctly denied defendant's motion in limine.

The judgment and sentence of the trial court is affirmed.

WRIGHT, C.J., ROSELLINI, STAFFORD, UTTER, BRACHTEN- BACH, HOROWITZ, and DOLLIVER, JJ., and HENRY, J. Pro Tem., concur.