[No. 3307–2. Division Two. July 30, 1979.]

THE STATE OF WASHINGTON, *Respondent*, v. NEIL CALVIN HERMAN, *Appellant.*

*William R. Michelman, Richard J. Birmingham,* and *Estes, Damis & Felnagle,* for appellant.

*Don Herron, Prosecuting Attorney,* and *Joseph D. Mladinov, Senior Deputy,* for respondent.

SOULE, J.—Neil Calvin Herman has appealed his conviction for first–degree rape. Three issues are raised on appeal: (1) Did the trial court err by refusing to allow individual voir dire of prospective jurors? (2) Is a jury verdict of guilty a prior conviction for purposes of impeaching the credibility of a witness under RCW 10.52.030? (3) Is RCW 10.52.030 an unconstitutional restriction on the right of a

defendant to testify in his own behalf? We affirm the verdict of the jury finding defendant guilty.

## VOIR DIRE

Defendant's trial for first–degree rape took place in Pierce County between October 24–26, 1977. On October 11, 1977, defendant was found guilty of second–degree assault arising out of an unrelated incident which took place in August 1977. This trial also took place in Pierce County. Fearing the possibility that jurors who had been considered for selection in the assault trial could be contained in the rape trial panel and thus taint the selection process, defendant sought isolated individual voir dire of jurors. The trial court denied the motion on the basis that individual voir dire would alert potential jurors to something unusual and also could itself result in tainting. Both the trial court and the prosecuting attorney offered a continuance in order to wait for the November panel, but defendant declined the offer.

■ The conduct of voir dire is a matter within the sound discretion of the trial court. *State v. Johnson,* 77 Wn.2d 423, 425, 562 P.2d 933 (1969); *Myers v. Harter,* 76 Wn.2d 772, 778, 459 P.2d 25 (1969). *See also State v. Hunter,* 183 Wash. 143, 152, 48 P.2d 262 (1935). Defendant is unable to show actual prejudice to amount to an abuse of discretion. The record discloses that the same prosecuting attorney and defense counsel participated in both trials. Thus, it could easily and circumspectly have been discovered whether the rape trial panel contained jurors who actually sat on the assault trial. Defendant's right to a trial by a jury free of the taint of prejudice was adequately protected by the offer of the trial court and the prosecuting attorney to allow a continuance. Since defendant elected not to take advantage of this offer, he cannot now assert the possibility of tainting as error on appeal. We find that the trial court did not abuse its discretion in refusing to order individual voir dire of potential jurors.

PRIOR JURY VERDICT

Defendant asserts as error the trial court's ruling that the finding of guilt by the jury in the assault trial which took place on October 11, 1977, is a prior conviction for purposes of impeachment under RCW 10.52.030.[1] He bases this argument upon the fact that, since formal entry of judgment and sentence had not been entered by the time of the rape trial on October 24–26, 1977, the jury verdict of guilty in the assault trial did not qualify as a prior conviction for purposes of impeaching defendant's credibility under RCW 10.52.030. We find that a jury verdict qualifies as a prior conviction for purposes of impeachment even if judgment and sentence has not been entered.

A conviction includes either a finding of guilt by jury verdict or guilty plea as in *State v. Tate*, 2 Wn. App. 241, 246, 469 P.2d 999 (1970) *or* a formal declaration of guilt in the judgment and sentence. *Matsen v. Kaiser*, 74 Wn.2d 231, 236, 443 P.2d 843 (1968). The crucial question to be determined for purposes of the impeachment statute is the first requirement, whether or not a *finding* concerning guilt has been made. It is the verdict of guilty which affects the credibility of the witness. The verdict wipes out the presumption of innocence and gives rise to the opposite presumption. *State v. Robbins*, 37 Wn.2d 492, 224 P.2d 1076 (1950); *State v. Johnson*, 141 Wash. 324, 251 P. 589 (1926). It makes no difference that an appeal is pending, *State v. Johnson, supra,* or even that the conviction is subsequently reversed as in *State v. Robbins, supra.* We note that subsequently the judgment of conviction in the assault case at issue here has been affirmed. *State v. Herman*, 23 Wn. App.

---

[1]RCW 10.52.030 reads as follows:

"Every person convicted of a crime shall be a competent witness in any civil or criminal proceeding, but his conviction may be proved for the purpose of affecting the weight of his testimony, either by the record thereof, or a copy of such record duly authenticated by the legal custodian thereof, or by other competent evidence, or by his cross-examination, upon which he shall answer any proper question relevant to that inquiry, and the party cross-examining shall not be concluded by his answer thereto.

1070 (1979). Of course, except in limited circumstances, after the reversal of a conviction the judgment of conviction thereon at the trial court level may not be used for impeachment purposes. *State v. Hill*, 83 Wn.2d 558, 520 P.2d 618 (1974).

An exception does exist when a conviction is later reversed on appeal on the basis of police misconduct in violation of the Fourth Amendment. Such a conviction is still considered a prior conviction for impeachment purposes during the time the appeal thereof is pending since a later reversal on Fourth Amendment grounds does not go to the basis of the fact–finding process. *Cf. State v. Murray*, 86 Wn.2d 165, 167–68, 543 P.2d 332 (1975). Because the fact–finding process in defendant's assault trial ended on October 11, 1977, the date the jury found him guilty, we hold that this jury verdict was a prior conviction on October 24–26, 1977, the time of his trial for first–degree rape, and that under RCW 10.52.030 defendant could have been impeached on the basis of this prior conviction had he elected to testify in his own behalf.

## CONSTITUTIONALITY OF RCW 10.52.030

■ Finally, defendant asserts that RCW 10.52.030 places an unconstitutional burden on the right of a defendant to testify in his own behalf chilling the exercise of this Sixth Amendment right. This issue was recently disposed of in *State .v. Ruzicka*, 89 Wn.2d 217, 233, 570 P.2d 1208 (1977), which upheld the constitutionality of RCW 10.52-.030 after an attack on identical grounds.

The conviction of the defendant for first–degree rape is affirmed.

REED, A.C.J., and PETRIE, J., concur.

Reconsideration denied August 27, 1979.

Review granted by Supreme Court November 14, 1979.