[No. 46535.   En Banc.   May 22, 1980.]

THE STATE OF WASHINGTON, *Respondent*, v. NEIL CALVIN HERMAN, *Appellant*.

*William R. Michelman,* for petitioner.

*Don Herron, Prosecuting Attorney, Joseph D. Mladinov, Special Deputy,* and *Ralph R. Smith, Deputy,* for respondent.

HOROWITZ, J.—Defendant Neil Calvin Herman appeals from his conviction for first–degree rape. Because the trial court was correct in ruling that the defendant's testimony could be impeached by a jury verdict of guilty against him in a prior case not yet reduced to formal judgment and sentence, and because the trial court did not abuse its discretion in refusing to allow individual voir dire of potential jury members, we affirm the conviction.

## I

Mr. Herman was arrested on August 25–26, 1977. He was charged with first–degree rape and a jury trial was set for October 24, 1977, in Pierce County Superior Court. On October 11, 1977, Herman was tried and found guilty by a jury of second–degree assault in an unrelated incident. At

the time of his first–degree rape trial, judgment and sentence had not yet been entered on the assault verdict.

Preceding voir dire in the rape trial at issue here, Mr. Herman's attorney moved for sequestration of the panel and individual voir dire of prospective jurors. The defense desired this form of empaneling because there was a possibility that some of the panel had also been part of the panel of prospective jurors in the assault trial. Individual voir dire was thus desirable to allow examination of potential jurors regarding their knowledge of the prior cause without informing unaware venire persons of this prejudicial fact of prior prosecution. The trial court denied the motion, but made a suggestion, agreed to by the prosecution, that the trial be postponed until a new jury roster was established in November 1977. The defense declined this suggestion.

Mr. Herman also made a pretrial motion for a ruling that the guilty verdict in the assault trial, upon which judgment and sentence were not yet entered, could not be used by the State to impeach the defendant should he take the stand. The trial court ruled that if Mr. Herman took the stand, the State would be permitted under RCW 10.52.030 to impeach his credibility by proving the prior guilty verdict in the assault case. The defendant subsequently elected not to testify, explaining that he wished to avoid impeachment with the prior assault verdict.

The defendant also objected to the possible use of two prior out–of–state convictions for impeachment purposes. He asserted that RCW 10.52.030, which authorizes the use of prior convictions for impeachment purposes, is unconstitutional. His arguments were recently rejected by this court in *State v. Ruzicka*, 89 Wn.2d 217, 570 P.2d 1208 (1977).

The prosecution and defense attorneys were the same in both the assault and rape trials. Judgment and sentence were later entered in the assault conviction, which was affirmed by the Court of Appeals. *State v. Herman*, 23 Wn. App. 1070 (1979). Mr. Herman was convicted of first–

degree rape and sentenced to a maximum term of 20 years in prison.

The Court of Appeals, Division Two, affirmed Mr. Herman's rape conviction. *State v. Herman,* 23 Wn. App. 864, 598 P.2d 778 (1979). We granted defendant's petition for review on the first two issues raised in his appeal but denied review of the constitutionality issue decided in *State v. Ruzicka, supra.* The following questions remain:

1. Did the trial court abuse its discretion in refusing to allow individual voir dire of prospective jurors?

2. May a jury verdict in a prior case be used for impeachment purposes under RCW 10.52.030 even though judgment and sentence on the verdict have not yet been entered?

## II
### INDIVIDUAL VOIR DIRE

The trial court must grant the defendant "every reasonable protection" in examining potential jurors. *State v. Hunter,* 183 Wash. 143, 153, 48 P.2d 262 (1935); *State v. Wilson,* 16 Wn. App. 348, 355, 555 P.2d 1375 (1976). However, the manner of conducting the voir dire is within the trial court's discretion. *State v. Johnson,* 77 Wn.2d 423, 462 P.2d 933 (1969); *State v. Robinson,* 75 Wn.2d 230, 450 P.2d 180 (1969).

In light of the defendant's right to an impartial jury, individual voir dire is sometimes needed when potential jurors may have prejudicial information:

> Whenever there is believed to be a significant possibility that individual talesmen will be ineligible to serve because of exposure to potentially prejudicial material, the examination . . . shall take place outside the presence of other chosen and prospective jurors.

*ABA Standards Relating to Fair Trial and Free Press* § 3.4(a) (Approved Draft, 1968), cited in *State v. Frederick,* 20 Wn. App. 175, 179, 579 P.2d 390 (1978); *State v. Wilson, supra* at 355. By sequestering the panel and examining

potential jurors individually, the defense can more thoroughly examine the venire persons regarding possible prejudice, while not risking the impartiality of the rest of the panel by being forced to reveal the potentially prejudicial information in open questioning. *See also* National Jury Project, *Jurywork: Systematic Techniques* 41 (1979); National Jury Project, *The Jury System: New Methods for Reducing Prejudice* 28 (1975).

Although it clearly is not limited to such situations, individual voir dire is most often used in cases in which there has been extensive pretrial publicity. *See United States v. Colabella,* 448 F.2d 1299, 1303–04 (2d Cir. 1971); *State v. Frederick, supra* at 179–80; *State v. Wilson, supra* at 353–54. It was not necessary in this case because there was no "significant possibility" that venire persons who were members of Mr. Herman's assault jury roster or who otherwise were aware of his prior trial could not have been easily spotted without individual voir dire.

No prejudice was shown to have resulted from group questioning. Both the prosecution and defense attorneys were the same in Mr. Herman's assault and rape trials. Thus the attorneys might have been able to spot members of the original assault panel without questioning. In addition, by asking the group of venire persons routine questions such as who among them had recently sat on a criminal case, had seen or heard the defendant discussed before, or had seen the prosecution or defense attorneys before, those individuals who might have been aware of Mr. Herman's earlier trial could have easily been eliminated from the panel.

In oral argument, the defense expressed great fear that a potential juror's answer, and not the question itself, would prove prejudicial. But the venire persons could have been directed to raise their hands in response to these questions, eliminating the defendant's concerns.

Mr. Herman has not shown actual or significant possibility of prejudice in this case. The record contains no evidence of harm to defendant, such as a showing that jurors

were aware of the prior prosecution. We therefore hold that the trial court did not abuse its discretion in refusing to allow individual voir dire under the facts of this case.

## III
### PRIOR JURY VERDICT

Under RCW 10.52.030, a witness' "conviction may be proved for the purpose of affecting the weight of his testimony . . .". This provision allows the State to rely for impeachment purposes on prior convictions in which judgment and sentence have been entered, even if the convictions are pending on appeal. *State v. Robbins,* 37 Wn.2d 492, 224 P.2d 1076 (1950); *State v. Johnson,* 141 Wash. 324, 251 P. 589 (1926). The Court of Appeals has further held that a prior *guilty plea* on which judgment and sentence have not yet been entered can be used for later impeachment of a witness. *State v. Tate,* 2 Wn. App. 241, 469 P.2d 999 (1970).

However, the specific question of whether a *jury verdict* without judgment or sentence can be used for later impeachment of the testifying defendant has not been considered by this court. Mr. Herman argues that, because the word "conviction" in criminal statutes may have varying meaning, *Matsen v. Kaiser,* 74 Wn.2d 231, 236, 443 P.2d 843 (1968), that in consideration of a jury verdict, judgment and sentence should be necessary before the "conviction" can be used for impeachment purposes.

The defendant asserts that the guilty plea represents an acknowledgement of guilt which is more probative for impeachment purposes than is the unratified jury verdict. We cannot agree. The jury verdict is at least as good, and probably better, than the guilty plea as an indication of actual guilt which impeaches the credibility of a witness. The court 50 years ago, however, indicated a belief that the jury verdict itself is the act which makes impeachment possible:

It is the verdict of the jury upon such an occasion that affects the credibility of a witness. Prior to the trial and

verdict of guilty, the law presumes that he was not guilty, but, when the jury find that he was guilty, the presumption of innocence is wiped out and the opposite presumption prevails.

*State v. Johnson, supra* at 328. When coupled with the consistent ruling in the courts of this state that the initial determination of guilty effectively impeaches the credibility of an individual sufficiently to fall within RCW 10.52.030, the distinction from *State v. Tate* suggested by the defendant is not persuasive.

The position that the attack by the State could properly have been allowed is also justified by the fact that judgment and sentence against Mr. Herman in the assault case was later entered and affirmed by the appellate court. *State v. Herman,* 23 Wn. App. 1070 (1979). It would be senseless to remand for a new trial because clearly the assault conviction confirmed by the sentence and judgment could be used for impeachment purposes in that new trial.

We therefore uphold the trial court's ruling, which would have allowed the State to use the jury's guilty verdict in the prior assault case to impeach the defendant had he taken the stand.

Affirmed.

UTTER, C.J., and ROSELLINI, STAFFORD, WRIGHT, BRACHTENBACH, DOLLIVER, HICKS, and WILLIAMS, JJ., concur.