**J.C. PRATT, Appellant,**

v.

**OKLAHOMA DEPARTMENT OF AGRICULTURE, State of Oklahoma, Appellee.**

**No. 56196.**

Court of Appeals of Oklahoma, Division No. 3.

Feb. 22, 1983.

Released for Publication by Order of the Court of Appeals March 25, 1983.

Loren McCurtain, McAlester, for appellant.

Daniel J. Gamino, Oklahoma City, for appellee.

WILSON, Presiding Judge:

J.C. Pratt's employment as a meat inspector with the State Department of Agriculture was terminated by the Department after a jury returned a verdict finding him guilty of the misdemeanor of keeping a disorderly house. His appeal to the State Personnel Board was denied. He then filed this action in the district court. The trial court entered judgment for Department of Agriculture and affirmed the termination of employment. J.C. Pratt lodged this appeal after his Motion for New Trial was overruled.

Appellant Pratt argues that the termination of his employment was premature since it was done before judgment and sentence was entered on the disorderly house charge, before disposition of his motion for a new trial and before his appeal was resolved by the Court of Criminal Appeals. Pratt contends this violated his Constitutional rights.

The following occurrences are shown by the record:

May 15, 1979  Criminal misdemeanor information filed charging J.C. Pratt with keeping and maintaining a disorderly house in violation of 21 O.S. § 1026.

July 31, 1979   Jury trial resulted in a jury verdict of guilty as charged.

August 3, 1979   The Commissioner of the State Department of Agriculture notified J.C. Pratt by letter of the termination of his employment effective August 3, 1979, for conviction of a crime involving moral turpitude and conduct unbecoming a public employee.

August 7, 1979   Judgment and sentence entered on the jury verdict sentencing J.C. Pratt to serve six (6) months in the County Jail and to pay a fine of $500 plus $208.90 costs.

August 10, 1979   J.C. Pratt's motion for a new trial denied.

On March 4, 1982, the Court of Criminal Appeals of Oklahoma affirmed the judgment and sentence. *Pratt v. State,* 642 P.2d 268 (Okl.Cr.1982).

The Merit System of Personnel Administration Act, 74 O.S.1981 § 833, provides the grounds for discharge, suspension or demotion of Oklahoma Merit System employees. This section provides, in part:

Any employee in the classified service may be discharged ... by the ... department ... whom employed for ... conduct unbecoming a public employee, conviction of a crime involving moral turpitude. ...

Two meanings of "conviction" are discussed in 21A Am.Jur.2d, *Criminal Law* § 1024, as follows:

The word "conviction" has two meanings: its ordinary or popular meaning, which refers to a finding of guilt by plea or verdict, and its legal or technical meaning, which refers to the final judgment entered on the plea or verdict of guilty. In some legal contexts, the word may appear in its popular sense, though in others the strict sense is used and a verdict or plea of guilty is not a conviction until a judgment has been entered. ...   The cases disagree as to which meaning applies when the problem is disqualification for public office. ...

See, *Gilmore v. State,* 3 Okl.Cr. 639, 108 P. 416 (Okl.Cr.1910). *Also see,* Annot., "What constitutes conviction within statutory or constitutional provision making conviction of crime ground of disqualification for, removal from, or vacancy in, public office," 71 A.L.R.2d 593, 597 (1960).

Further, a witness may be impeached on cross-examination by showing the witness has been convicted of the crime of keeping a disorderly house. *Strickland v. State,* 46 Okl.Cr. 190, 284 P. 651 (Okl.Cr.1930). A jury verdict alone has been held to qualify as a prior conviction for the purpose of impeaching a witness. *State v. Herman,* 93 Wash.2d 590, 611 P.2d 748 (Wash.1980).

The meaning of the word "conviction" as used in § 833, does not appear in the Act. In other statutory provisions, the Legislature clearly indicated "conviction" meant a final judgment. *See, State v. Bridwell,* 592 P.2d 520 (Okl.1979); *State v. County Election Board of Carter County,* 326 P.2d 782 (Okl.1958).

In *Bridwell, supra,* the Court, after discussing the conflicting decisions construing "conviction," said:

Out of such conflicting decisions it becomes clear that the term "conviction" cannot be given a precise definition. Its meaning must be derived from the intention of the legislature as disclosed by the provisions of the statute. It may be final for one purpose and not for another.

To discover the purpose and intent of the legislature we must examine the statutes. ...

Since the Legislature did not restrict "conviction" to technical meanings in § 833, the word should be given its ordinary or popular meaning. Thus, a verdict or plea of guilty to a crime involving moral turpitude by a classified employee would be grounds for the employee's discharge by any agency, department, institution or officer. This discretionary right is necessary to effectuate the purposes of the Act. In this regard, we note the increased use of the deferred judgment procedure authorized by 22 O.S.1981 § 991c. By that procedure no judgment and sentence is entered, even though there has been a plea or verdict of guilt.

The consequences of a discharge based on a verdict of guilt which is subsequently vacated by the trial or appellate courts is not at issue in this case.

The judgment of the trial court is AFFIRMED.

HOWARD and HUNTER, JJ., concur.