[No. 10108.  Department Two.  June 5, 1912.]

The State of Washington, *Respondent*, v. H. G. Herold, *Appellant*.[1]

Criminal Law—Venue—Change—Local Prejudice—Discretion—Review. The refusal of a change of venue on the ground of local prejudice will not be reviewed except for clear abuse of discretion; and none appears where the motion was resisted by a counter showing, and upon a second trial, a jury was secured after an examination of twenty-eight jurors, only eight of whom were excused for cause.

Criminal Law—Former Jeopardy — Mistrial — Jury — Impanelling—Oath. Where a trial was stopped because one of the jurymen had not been sworn, the defendant had not been placed in jeopardy, and upon reswearing or affirming the entire jury and recommencing the trial, he cannot plead former jeopardy; and none of his rights are prejudiced where, on recommencing the trial, defendant was tendered the right to examine the juror and the others in the box.

Appeal from a judgment of the superior court for Pierce county, Chapman, J., entered May 10, 1911, upon a trial and conviction of attempted kidnapping. Affirmed.

*James M. Harris* and *H. G. Rowland*, for appellant.

*J. L. McMurray* and *A. O. Burmeister*, for respondent.

Morris, J.—Appeal from a judgment of conviction, upon an information charging appellant with the crime of attempted kidnapping. The first error assigned is the refusal of the court below to grant a motion for a change of venue. This motion was based upon affidavits and clippings from newspapers, which it is claimed so aroused public passion and prejudice as to prevent appellant from having a fair trial in Pierce county. The motion was resisted by counter affidavits on the part of the state. We have examined the showing upon this motion, and the ruling complained of must be sustained under the rule laid down in *State v. Welty*, 65 Wash. 244, 118 Pac. 9, that a reversal will not be granted upon this

[1]Reported in 123 Pac. 1076.

ground unless it clearly appears that the trial court, in making its ruling, abused the discretion vested in it by our statute to determine such applications. The record sustains the court's ruling in showing that the jury in the case was secured after an examination of twenty-eight jurors, only eight of whom were excused for cause either by the state or appellant. It is apparent there was no unusual difficulty in obtaining a jury satisfactory to appellant, and to whom he was content to submit his cause.

The next error is directed against rulings of the trial court in refusing to discharge the jury and discharge the appellant, when in the course of the trial it was discovered that a juror named Jernberg had not taken the oath, either upon his *voir dire* or after such examination, when the jurors then in the box, including Jernberg, were sworn as trial jurors in the case. Upon this point, the record discloses that Jernberg was one of the twelve men originally called into the jury box, and occupied one of the rear seats; that the box being full, the twelve veniremen were directed to arise and take the usual oath; that all arose and the oath was administered in the usual manner. The examination of these twelve veniremen was then proceeded with as to their qualification as jurors, including Jernberg who was one of the veniremen remaining in the box after the state and appellant had made desired challenges and announced their willingness to accept the twelve men then in the box as the jury in the case. Thereupon the twelve men were directed to arise and take the oath as jurors in the cause, and the usual oath was administered, to which all apparently made assent. The trial then proceeded; witnesses were sworn and examined. During a recess the court learned from Jernberg that, while he had stood up with the other veniremen during the administration of both oaths, he had not held up his hand nor taken the oaths, having conscientious scruples against taking oaths. Upon the opening of court, this was called to the attention of counsel

in the case, and the trial stopped.  The court then directed
Jernberg to affirm upon his *voir dire,* which was done, and
he was examined by the state and the defense upon his *voir
dire,* and challenged by the defense for cause, upon the
ground that, having heard part of the testimony in the case,
he was not qualified to sit as a juror.  The challenge was de-
nied, and Jernberg then affirmed as a juror, the other jurors
again taking the usual oath, and the trial again commenced
as in the first instance, the witnesses who had previously tes-
tified being resworn and reexamined upon the same matters
previously testified to by them.  When the first of these wit-
nesses was recalled, counsel for appellant moved the court to
discharge the defendant, upon the ground that he had been
previously placed in jeopardy.  The motion was denied and
an exception taken.  We are now called upon to review these
rulings.

The plea of jeopardy cannot be sustained.  There could
be no jeopardy until the defendant had been placed on trial
before a jury legally impaneled and sworn.  Under the cir-
cumstances shown by the record there was no legally im-
paneled and sworn jury at the time Jernberg made his dis-
closure to the court that he had failed to take the oath.
There could be no jury until twelve qualified jurors had been
impaneled and sworn as a jury to try the issue between the
state and the defendant.  It was the duty of the court, upon
learning that defendant was not being tried before a legal
jury, to stop the trial of the cause, and correct the mistrial
by impaneling and submitting to the defendant such a jury
as he was entitled to under the law, and when the court ten-
dered to the defendant the right to examine the juror Jern-
berg together with the other eleven jurors then sitting in
the box, every right to which he was entitled under the law
was fully preserved and guarded.  *State v. Kinghorn,* 56
Wash. 131, 105 Pac. 234, 27 L. R. A. (N. S.) 136.  There
was no error in any of the other rulings made by the court,

growing out of this situation, and which are in effect disposed of by what we have heretofore said.

The judgment is affirmed.

DUNBAR, C. J., ELLIS, MOUNT, and FULLERTON, JJ., concur.