[No. 32111. Department One. April 28, 1953.]

THE STATE OF WASHINGTON, *Respondent,* v. CHARLES W. THARP, *Appellant.*[1]

[1] Reported in 256 P. (2d) 482.

*Warner, Pierce & Peden,* for appellant.

*W. R. Cole* and *Lincoln E. Shropshire,* for respondent.

Olson, J.—Defendants Tharp and Olds were charged jointly with the crime of grand larceny. Mrs. Olds was acquitted by the jury. Tharp was found guilty, and has appealed from the judgment and sentence entered on the verdict.

The information, as amended, alleged that defendant received one red, white-faced steer by reason of a mistake and, with knowledge of the mistake, appropriated the animal to his own use. Rem. Rev. Stat., § 2601 (4), RCW 9.54.010 (4).

There was sufficient evidence to establish the following facts to support the verdict: that defendant, ranch foreman for Mrs. Olds, was instructed to butcher one of her black Angus heifers; that defendant planned to shoot it when it was released from a corral; that two other cattle, including a red, white-faced steer, escaped from the corral with the black heifer when it was released; that defendant's shot missed the black heifer, but hit the red steer, wounding it severely; that defendant knew as soon as he hit this animal

that it was not the property of Mrs. Olds; that defendant then shot again and killed the wounded animal, and proceeded to butcher it; that this animal bore the registered brand of its alleged owner, and that both its ears were cropped; that none of the Olds cattle was so marked; that defendant did not see these identifying marks until after he had killed the animal; that he then learned that it was the property of its alleged owner; and that defendant concealed the head and hide of the dead animal before his arrest.

Defendant argues that the proof varied from the charge, in that the language of the information must be taken to mean one live steer, and that there was no proof of the felonious appropriation of a live steer by defendant. This argument must fail because there was evidence upon which the jury could have decided that defendant knew of his mistake before he killed the animal. See *State v. Crossman,* 189 Wash. 124, 128, 63 P. (2d) 934 (1937).

■ Evidence of the nature of the offense was admitted without objection, and any possible variance between the pleading and proof was cured by the operation of Rule of Pleading, Practice and Procedure 12, 34A Wn. (2d) 76. This rule provides that

". . . An information shall be considered amended to conform to the evidence introduced without objection in support of the crime substantially charged therein, unless the defendant would thereby be prejudiced in a substantial right."

The amendment under the rule did not prejudice any substantial right of defendant. It charged no crime different from that substantially charged in the information or under a different section of the criminal code. If considered amended by the proof, it remained a charge of a violation of Rem. Rev. Stat., § 2601(4), RCW 9.54.010(4). See *State v. Olds,* 39 Wn. (2d) 258, 261, 235 P. (2d) 165 (1951).

■ Also, no question of variance was raised in the trial court, and it cannot be raised successfully for the first time on appeal.

■■ Defendant also challenges the sufficiency of the proof to establish the allegation in the information relative

to ownership of the animal. One of the exhibits admitted in evidence is the brand certificate issued to the alleged owner by the state department of agriculture, in accordance with Rem. Rev. Stat. (Sup.), § 3055-4 [P.P.C. § 732-7], and Rem. Supp. 1949, § 3055-5. It had expired September 1, 1950, which was about six weeks before the alleged offense occurred. The statute last cited provides that, on the expiration date, the director of agriculture shall notify the brand owner to renew the brand, and that it shall not be forfeited unless the owner fails to renew it within six months after this notice. The brand in question was of record at the time of the offense, and the certificate was admissible as evidence of the ownership of the steer in question. Rem. Rev. Stat. (Sup.), §§ 3055-3, 3055-9 [P.P.C. §§ 732-5, 732-17]. Evidence of its ownership also was given by the manager of the owner's ranch, and by the sheriff, who testified that defendant stated to him that he knew it was the property of this ranch owner.

■ Error is assigned to the giving of an instruction that the brand of an animal is *prima facie* evidence that the animal belongs to the owner of the brand. This assignment is without merit. This instruction is not a comment on the evidence. It is in the language of the pertinent portion of the statute. Rem. Rev. Stat. (Sup.), § 3055-9. (The statutes cited, pertaining to animal brands, are found in RCW, chapter 16.56, but that compilation presently differs from the session laws, both in language and in section division.)

■ On the first day of the trial, defendant's counsel, who are not his counsel on this appeal, argued their motion for leave to withdraw from the defense. The court delayed the taking of any testimony until the following morning to permit defendant to obtain other counsel. The next morning, when court reconvened, counsel who had made the request to withdraw appeared with defendant and stated that they were ready to proceed, and did so without further objection. They had represented him at a previous trial of the case. In view of their announcement and their familiarity with the facts, the court could not well have refused to allow

them to proceed as counsel, and defendant cannot claim successfully that he was prejudiced in this regard. Questions presented by such a request are directed to the sound discretion of the trial court. Defendant shows no abuse of that discretion in this instance. See *State v. Bird,* 31 Wn. (2d) 777, 783, 198 P. (2d) 978 (1948).

Defendant's principal argument for a new trial is based on his claim that, through inadvertence, no oath was administered to the prospective jurors before the *voir dire* examination to determine their qualifications to sit as jurors to try the cause.

The record shows that the case was called for trial on Monday, February 4, 1952. Because of certain preliminary motions, it was agreed that the prospective jurors should be examined and a jury selected on the morning of that day, and the taking of testimony delayed until the next day. Defendant and his counsel were present while the jury was selected, and, when it was completed, the jurors were sworn to try the cause and excused until the following morning. Defense counsel knew of the probable omission of the *voir dire* oath not later than, and possibly before, the adjournment of court on Tuesday afternoon. The trial continued for two days after this discovery. Defendant's counsel did not direct the court's attention to the claimed omission or make any motion or objection in regard to it until after the verdict was received.

While there is no statute requiring it, an oath should be administered to prospective jurors before their *voir dire* examination. The limits and extent of this examination are within the discretion of the trial court, and it has considerable latitude in this regard. The accused should be permitted to examine carefully and to an extent which will afford him every reasonable protection. The purpose of the inquiry is to enable the parties to learn the state of mind of the prospective jurors, so that they can know whether or not any of them may be subject to a challenge for cause, and determine the advisability of interposing their peremptory

challenges. *State v. Hunter*, 183 Wash. 143, 153, 48 P. (2d) 262 (1935)..

■ The *voir dire* examination of the prospective jurors in this case has not been made a part of the record on this appeal. We do not know the extent of the examination, if any, or whether or not defendant exercised any of his peremptory challenges. He must show the use of all of his peremptory challenges or he can show no prejudice arising from the selection and retention of a particular juror to try the cause, and is barred from any claim of error in this regard. *Rich v. Campbell*, 164 Wash. 393, 395, 2 P. (2d) 886 (1931), and cases cited; *State v. Patterson*, 183 Wash. 239, 244, 48 P. (2d) 193 (1935), and cases cited.

 In any event, a motion for a new trial upon the ground of the disqualification of a juror, first raised after the verdict, is addressed to the discretion of the trial court. It must determine, in the exercise of that discretion, whether or not defendant was prejudiced by the claimed disqualification. *State v. Patrick*, 180 Wash. 56, 57, 39 P. (2d) 390 (1934). The same rule should be applied when the entire jury is said to be disqualified. Defendant does not claim or show that the omission of the oath permitted a disqualified person to serve on the jury that convicted him, or that its omission prejudiced him in any other way. He has failed to present any reason for us to say that the trial court abused its discretion in denying his motion for a new trial upon this ground.

 We cannot say that an accused must examine or challenge prospective jurors. His right to do so is one that he can waive. It, therefore, is a privilege. We are obliged to preserve this privilege, but, in preserving it, we must not convert it into an imperative requirement. Its infringement can result from denying an accused his right to waive it, but its preservation cannot be jeopardized by granting the accused an election between its waiver or its enforcement. It is a valuable privilege, yet, on occasion, the right to forbear from exercising it may be of great value to an accused. He may decide for a variety of reasons that it will be to his

advantage to submit his cause, without question or challenge, to the first twelve jurors drawn. His decision to do so should be protected, but this does not mean that this waiver should be qualified by a condition that the jury return a verdict in his favor. Defendant's announcement that he accepted this jury should be a final waiver of his privilege.

 If an accused can waive his privilege to examine prospective jurors, he cannot say that its waiver divested the court of its jurisdiction (its power to hear and determine the case) and requires the declaration of a mistrial. It must follow that the selection of the jury is procedural. It pertains to the manner and form of the trial, and not to the jurisdiction of the court. See *State v. Lane*, 40 Wn. (2d) 734, 246 P. (2d) 474 (1952), and cases and authorities cited, upon the nature of the right to trial by jury in a criminal case and the right of an accused to waive it.

 Being a matter of procedure, the omission of the *voir dire* oath was, at most, a trial error. If he intended to rely upon it on appeal, defendant should have urged it to the trial court as soon as he discovered it. See for analogy *State v. Cooney*, 23 Wn. (2d) 539, 546, 161 P. (2d) 442 (1945), and cases cited. We do not decide what, if anything, the court should have done, had defendant presented the matter at that time. Defendant's failure to submit it to the trial court timely, bars our consideration of it as possible error. Otherwise, he could take advantage of any error which he, in fact, invited by permitting it to inhere in his trial unchallenged until after the verdict.

Further, defendant's silence after his discovery of this omission was a second approval of the jury as selected. Certainly, when he waived the defect on this occasion, defendant acted intelligently, voluntarily, and upon the advice of counsel. The jury had then been sworn to try the cause. He again decided to submit his case to them and to speculate upon their returning a verdict in his favor. Because this proved to have been a poor speculation, he cannot be permitted to revoke his decision.

Neither of our cases relied upon by defendant is in point. In *State v. Herold,* 68 Wash. 654, 123 Pac. 1076 (1912), neither the *voir dire* oath nor the oath to try the cause was given to the jury. The error was urged and corrected promptly upon its discovery. In *State v. Lloyd,* 138 Wash. 8, 244 Pac. 130 (1926), a request was made by counsel for defendant to examine the jury on their *voir dire* as to their general qualifications. This request was denied.

The rights of the person jointly charged and tried with this defendant and acquitted by this same jury are also before the court. See *State v. Olds,* filed this day, *infra* p. 503. The state has appealed in that case, and it is mentioned here because it emphasizes the fact that the defect was not jurisdictional and fatal to a valid trial. That defendant had the same counsel as did defendant in this case. She, too, was satisfied with the jury and accepted it without objection throughout the trial. But her satisfaction survived the verdict, and she insists that she has had a valid trial and cannot be tried again for this offense. We have agreed with her. Her right to waive this defect with finality may appear more valuable than his, but it is not. The preservation of the right to waive it may appear more necessary in her case than it does in his, but it is not. It can be preserved entirely only by protecting it against a challenge of the kind interposed in these cases, either by the accused or by the state.

Defendant has made other assignments of error, but they are without merit.

The judgment and sentence is affirmed.

GRADY, C. J., MALLERY, HILL, and WEAVER, JJ., concur.

---

June 8, 1953. Petition for rehearing denied.