**Arthur C. LAUGHNER, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 22776.**

United States Court of Appeals
Fifth Circuit.

March 22, 1966.

Arthur C. Laughner, pro se.

James H. Walsh, Asst. U. S. Atty., Jacksonville, Fla., Edward F. Boardman, U. S. Atty., Thomas M. Baumer, Asst. U. S. Atty., for appellee.

Before PHILLIPS,* JONES and BROWN, Circuit Judges.

PER CURIAM.

Appellant moved pursuant to 28 U.S. C.A. § 2255 to set aside and vacate his conviction for knowingly transporting a motor vehicle in interstate commerce. His motion affirmatively alleges that he received inadequate representation by court-appointed counsel. In particular, he asserts that though he explained to counsel that he had rented the automobile which he was charged with transporting into the State and though counsel informed him that he had thus committed no crime, counsel advised him that the best thing to do was to enter a plea of guilty and allow the Judge to dispose of the matter in his discretion. Pursuant to this advice, Appellant pleaded guilty and was sentenced to three years. The District Judge denied Appellant's § 2255 motion without hearing and without assigning grounds.

Upon a careful consideration of the transcript of Appellant's arraignment and sentencing, we reverse and remand for a hearing on Appellant's allegations. The transcript reflects that counsel was appointed on November 23, and some time later that day the Court held the arraignment at which the guilty plea was entered. In the interim, of course, counsel had to advise with Appellant as to the charges contained in the information, confer as to and evaluate Appellant's version of the activities underlying the charge, and reach a conclusion recommending that Appellant waive indictment and reading of the information, and enter a plea of guilty. Moreover, in the ensuing colloquy between the Judge and Appellant, the record does not clearly reveal that except in broad conclusory terms did the Appellant under-

* Senior Judge, Tenth Circuit, sitting by designation.

**160**

stand or admit each element of the offense charged. None of the colloquy remotely touched on the Appellant's theory which he presumably discussed with counsel as to the rental of the car. And, indeed, in the record there is not even a denial that the conversation resulting in the asserted advice of counsel took place. Of course, the record reveals that when the case was called for sentencing on December 4, there was an extended colloquy between the Court and the accused during which the Appellant did not raise any suggestion that his counsel had not adequately represented him. But in view of the specific allegations in his § 2255 petition which are not otherwise controverted, this silence or apparent acquiescence in the proceedings taking place does not amount to a record showing conclusively that Appellant was entitled to no relief.

In this setting, raising substantial and serious questions, the record does not on its face demonstrate that Appellant is conclusively entitled to no relief. Under these circumstances, a factual judicial inquiry was required.

Reversed and remanded.