[No. 40035. Department Two. January 23, 1969.]

THE STATE OF WASHINGTON, *Respondent,* v. THOMAS JEFFERSON ROBINSON, *Appellant.*\*

*Paul J. Fisher,* for appellant (appointed counsel for appeal).

*Charles O. Carroll* and *Paul M. Acheson,* for respondent.

\*Reported in 450 P.2d 180.

WEAVER, J.—Defendant appeals from a judgment and sentence entered after a jury had found him guilty of violating the Uniform Narcotic Drug Act. (RCW 69.33) He was represented at trial by retained counsel of his choice.

Defendant, who had been drinking, was asleep in the back seat of an automobile when it was stopped by the police for a traffic violation. The police recognized the driver; there were previous outstanding traffic warrants for him.

To impound the car, the police awakened defendant; he grabbed his pocket and threw a bag onto the floor of the car. At the police station, when defendant was searched, two cigarettes were found. Upon analysis, the contents of the bag and the cigarettes were determined to be marijuana.

Defendant alleges misconduct by the deputy prosecutor resulted in the denial of a fair trial. We do not agree.

During voir dire examination of jurors, the prosecutor referred to the "hippie movement," and to the growing marijuana problem in the Seattle area. He inquired whether the juror "believed that the use of marijuana presents a health hazard."

The trial judge instructed the jury to disregard "all reference to hippies"; he sustained defense counsel's objection made to the drug problem reference; he prevented any further reference to the "health hazard" by stating that the "court will be instructing that the possession of marijuana is illegal."

The limits and extent of voir dire examination are within the discretion of the trial court, and it has considerable latitude. *State v. Tharp*, 42 Wn.2d 494, 256 P.2d 482 (1953). The trial court controlled the scope of the voir dire examination as we have indicated, and we find nothing that would support a conclusion that the court abused its discretion.

Further, defendant did not use all of his preemptory challenges. This he must do before he can show prejudice arising from the selection and retention of a particular

juror to try the cause. *State v. Collins,* 50 Wn.2d 740, 314 P.2d 660 (1957); *State v. Tharp, supra.*

Defendant also alleges misconduct by the prosecutor in his cross-examination of defendant and claims the prosecutor improperly inquired about previous "charges" rather than previous "convictions." Read in its entirety, the record does not support defendant's contention. The cross-examination did not mislead the jury. No objection was made to the cross-examination. The jury was properly instructed that proof of defendant's prior conviction could be considered only in the determination "of what weight or credibility should be allowed his testimony."

Defendant argues that evidence of his prior conviction—16 years before—was inadmissible because it was too remote in time. He would have us burke RCW 10.52.030:

> Every person convicted of a crime shall be a competent witness in any civil or criminal proceeding, but his conviction may be proved for the purpose of affecting the weight of his testimony, either by the record thereof, or a copy of such record duly authenticated by the legal custodian thereof, or by other competent evidence, or by his cross-examination, upon which he shall answer any proper question relevant to that inquiry, and the party cross-examining shall not be concluded by his answer thereto.

The statute contains no exception, and this court has consistently refused to recognize one. *State v. Smithers,* 67 Wn.2d 666, 409 P.2d 463 (1965); *State v. Bezemer,* 169 Wash. 559, 14 P.2d 460 (1932).

In his closing argument the prosecutor stated:

> Now to establish this charge, we have to prove that on the day in question which is May 3rd, the defendant had in his possession marijuana. . . . Now, after the state has went [*sic*] this far, we have established a prima facie case. In other words, with nothing more, if no one said anything more, we would win. Now, beyond that now, the *burden of proof* shifts to the defendant and he has the burden of showing that it was lawful possession, that his possession was authorized by law or that he unwittingly had it. (Italics ours.)

■ No objection was made to this argument. Defendant however, now contends that use of the statement improperly shifted the burden of proof to defendant. Although the phrase "burden of proof" was unfortunate, we do not believe that it misled the jury. Moreover, the trial court's instruction on this point of law was correct and dispelled any doubt on the part of the jury.

This court, in *State v. Morris*, 70 Wn.2d 27, 422 P.2d 27 (1966); *accord, State v. Boggs*, 57 Wn.2d 484, 358 P.2d 124 (1961), stated:

> The state had the burden of proving beyond a reasonable doubt that the appellant, on or about the times fixed in the information, had possession of the marijuana cigarettes. When possession was thus proved, it became a matter of defense, a burden resting on the appellant, to show to the satisfaction of the jury that his possession of the drug was either unwitting, or authorized by law, or acquired by lawful means in a lawful manner, or was otherwise excusable under the statute. Of course, the burden of showing such defenses to the charge of possession did not in any way deprive the appellant of his defenses either of want of possession or that the evidence failed to show beyond a reasonable doubt such possession. *State v. Helmer*, 166 Wash. 602, 8 P.2d 412 (1932).

■ By his next assignment of error defendant alleges that at trial his retained counsel was incompetent—although counsel was a lawyer with many years of criminal practice. We have examined the entire record and do not find that it supports a claim of incompetence. The test, as this court stated in *State v. Thomas*, 71 Wn.2d 470, 429 P.2d 231 (1967), is:

> After considering the *entire record*, can it be said that the accused was afforded an *effective representation* and a *fair* and *impartial* trial?
>
> . . . .
>
> . . . the method and manner of preparing and presenting a case will vary with different counsel. The effectiveness or the competence of counsel cannot be measured by the result obtained. Some defendants are, in fact, guilty and no amount of forensic skill is going to bring about an acquittal.

234

This test applies whether counsel is appointed or retained. *See State v. Mode,* 57 Wn.2d 829, 360 P.2d 159 (1961). The record does not show that incompetence denied defendant a fair trial. *State v. Piche,* 71 Wn.2d 583, 430 P.2d 522 (1967).

 Finally, defendant urges the unconstitutionality of the punishment provisions, RCW 69.33.410, of the Uniform Narcotic Drug Act. He cites no authority in support of this proposition. The court need not consider this assignment of error unless it appears on its face to be meritorious. *See DeHeer v. Seattle Post-Intelligencer,* 60 Wn.2d 122, 372 P.2d 193 (1962). There is no merit to this assignment.

Affirmed.

HUNTER, C. J., HILL, HAMILTON, and NEILL, JJ., concur.