**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 80235-6-I |
| | ) | |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| YOHANNS TEAMRAT GEBREMARIAM, | ) | |
| | ) | UNPUBLISHED OPINION |
| Appellant. | ) | |
| | ) | |

MANN, C.J. — Yohanns Gebremariam appeals his conviction of one count of possession of stolen vehicle and one count of making or possessing motor vehicle theft tools. He argues that the trial court erred by not striking a juror for cause, alleging that the juror was implicitly and actually biased. Gebremariam argues further that his defense counsel was deficient for not properly arguing the challenge to the juror. We affirm.

## I.   FACTS

The State charged Gebremariam with one count of possession of stolen vehicle and one count of making or possessing motor vehicle theft tools. Gebremariam

Citations and pin cites are based on the Westlaw online version of the cited material.

proceeded to a jury trial. At the outset of voir dire, the trial court asked if any of the potential jurors knew the lawyers. Juror 5 indicated that she knew the prosecutor because she worked for the prosecuting attorney's office. The court stated that it would let the attorneys follow up.

Before turning voir dire over to counsel, the trial court asked, "Sitting here, right now, knowing as little as you know, and having discussed some issues about your bias or not, but we'll deal with that, anybody else think of a reason that they can't be a fair and impartial juror in this case and doesn't want to be here?" Juror 5 raised her hand, and the court asked, "Because you're with the prosecutor's office?" Juror 5 responded, "yeah."

Defense counsel began voir dire by asking juror 5 if she liked the deputy prosecutor, Travis Johnson. Juror 5 responded that she liked Johnson. She further explained that she had worked in the prosecutor's office for about eight months and did not work in close proximity with Johnson. The questioning continued:

> [COUNSEL]: And, presumably, you hear discussions about cases?
>
> [JUROR 5]: Some cases, yes.
>
> [COUNSEL]: Do you think that because you're so closely associated with the prosecutor's office that you might not be as generous with the defense?
>
> [JUROR 5]: I think that's a definite possibility.
>
> [COUNSEL]: Definite possibility?
>
> [JUROR 5]: Yes.

Gebremariam moved to strike juror 5 for cause. The State followed up, asking juror 5, "despite what your background is and where you work, and knowing me, unfortunately,

can you be fair and impartial and follow the order of the law and the facts of the case?"

Juror 5 responded, "I believe I can." The State objected to striking juror 5 for cause.

Gebremariam then followed up, asking:

[COUNSEL]: . . . Can you set aside, do you think, eight months' worth of experience at the prosecutor's office? Is that fair? Can it really be done? Do you think that when the facts and evidence are presented to you that maybe your experience might color the way you were to interpret those facts? Perhaps, if you were presented with police officer testimony, that you might lean towards favoring that testimony? Can you be sure that you could not do that?

[JUROR 5]: No.

[COUNSEL]: You cannot be sure?

[JUROR 5]: No, I can't be sure.

[COUNSEL]: Okay. And so it—there's a chance, that if you sat on a jury, that you might not be able to be entirely fair?

[JUROR 5]: I believe I would be fair.

Gebremariam renewed the request to strike juror 5 for cause. The trial court denied the request, stating "I don't think we're there yet." Gebremariam later renewed the challenge to juror 5, citing to United States v. Kechedzian, 902 F.3d 1023, 1025 (9th Cir. 2018). The trial court again declined to strike juror 5.

Juror 5 was not questioned further by the State or Gebremariam. The State used two peremptory challenges, and Gebremariam used five of his six available peremptory challenges. Juror 5 was not challenged peremptorily and served on the jury. The jury convicted Gebremariam as charged. Gebremariam appeals.

## II.   ANALYSIS

### A. For Cause Challenge to Juror 5

Gebremariam argues first that he was denied the right to a fair and impartial jury when the trial court refused to strike juror 5 for cause.  But a claim of error in denying a challenge for cause is not properly raised where, as here, the defendant accepts a jury without exercising all available peremptory challenges.  State v. Clark, 143 Wn.2d 731, 762, 24 P.3d 1006 (2001) (under "well-settled case law" a defendant cannot show prejudice based on the jury's composition when they fail to exercise all of their peremptory challenges).[1]

Gebremariam contends his challenge is properly raised based on language in the lead opinion in State v. Fire, 145 Wn.2d 152, 158, 34 P.2d 1218 (2001), indicating that a defendant may elect not to use a peremptory challenge and challenge a failure to excuse for cause on appeal.[2]  The statement Gebremariam relies on is dicta.  The plurality holding in Fire, was that, even if a juror should have been dismissed for cause, where the defendant exercises a peremptory challenge to remove the juror and exhausts all peremptory challenges but there is no showing that a biased juror (against whom a peremptory challenge might have been used) sat on the panel, there is no

---

[1] Cases cited in Clark include: State v. Elmore, 139 Wn.2d 250, 277-78, 985 P.2d 289 (1999), State v. Robinson, 75 Wn.2d 230, 231-32, 450 P.2d 180 (1969); State v. Collins, 50 Wn.2d 740, 744, 314 P.2d 660 (1957); State v. Tharp, 42 Wn.2d 494, 500, 256 P.2d 482 (1953); and State v. Gentry, 125 Wn.2d 570, 616, 888 P.2d 1105 (1995).

[2] Gebremariam relies on the following statement in Fire:
[i]f a defendant believes that a juror should have been excused for cause and the trial court refused his for-cause challenge, he may elect not to use a peremptory challenge and allow the juror to be seated.  After conviction, he can win reversal on appeal if he can show that the trial court abused its discretion in denying the for-cause challenge.
Fire, 145 Wn.2d at 158.

prejudice. Fire, 145 Wn.2d at 154. Fire did not involve a situation where the defendant failed to use all of their peremptory challenges.[3]

Because Gebremariam failed to exercise an available peremptory challenge to strike juror 5, his alleged error is not properly before us.

B. Ineffective Assistance of Counsel

Gebremariam also argues that defense counsel was ineffective for failing to properly object to juror 5. We disagree.

The Sixth Amendment right to counsel includes the right to effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 686, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). To demonstrate ineffective assistance of counsel, the defendant must show that: (1) defense counsel's representation was deficient, falling below an objective standard of reasonableness based on consideration of all the circumstances; and (2) defense counsel's deficient representation prejudiced the defendant. State v. McFarland, 127 Wn.2d 322, 334-35, 899 P.2d 1251 (1995). The defendant must show both deficient performance and prejudice or they are not entitled to relief. Strickland, 466 U.S. at 687.

There is a strong presumption that defense counsel's conduct was not deficient. State v. Reichenbach, 153 Wn.2d 126, 130, 101 P.3d 80 (2004). The defendant must overcome the presumption that the challenged conduct might be considered sound trial strategy. Strickland, 466 U.S. at 689.

---

[3] We note also that the referenced statement in Fire does not address, much less overrule, the long line of case law holding to the contrary, including the court's holding in Clark, issued five months earlier.

Gebremariam fails to articulate what additional arguments or actions that defense counsel should have made before accepting the jury. Defense counsel struck multiple jurors, including using five out of the six available peremptory challenges. The strategic choices made in assessing the composition of a jury are not always easy to discern from the record. We can only presume that defense counsel made a strategic choice to accept the panel as the best possible, including given who might replace juror 5 if she was stricken using the unused peremptory challenge.[4]

Gebremariam fails to meet his burden of demonstrating ineffective assistance of counsel.

Affirmed.

Mann, C.J.

WE CONCUR:

Andrus, A.C.J.          Verellen, J.

---

[4] Notably, Gebremariam does not argue that defense counsel was ineffective for failing to use an available peremptory challenge to strike juror 5.