# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>Respondent,<br><br>v.<br><br>TINA MARIE EVESKCIGE,<br><br>Appellant. | No. 54132-7-II<br><br><br>UNPUBLISHED OPINION |

PRICE, J. — Tina Eveskcige appeals from multiple assault convictions. She argues that the trial court erred in failing to sua sponte strike a juror for cause and that the interest accrual provision contained in her judgment and sentence was erroneous. We affirm her conviction but remand for the trial court to correct the interest accrual provision.

## FACTS

Eveskcige was charged with one count of third degree assault against a police officer and two counts of fourth degree assault, one domestic violence related.

During voir dire, the trial court questioned potential jurors. In response to the question about whether anyone had a close relative who had experience with a similar case as a victim, juror 24 raised her hand. Juror 24 said that her daughter had been a victim of assault two years prior. The trial court asked her, "Anything about that experience that she shared with you that you think might affect your ability to sit on this case?" Verbatim Report of Proceedings (VRP) at 39 (Oct. 30, 2019). Juror 24 answered, "Yes." *Id.* The trial court did not pursue the line of

questioning further, stating "I'm going to allow the lawyers to be able to ask you some more questions about that." *Id.*

The trial court also asked potential jurors, "Would any one of you be unable to assure the [trial court] that you will follow the instructions of the law regardless of what you think the law is or ought to be?" VRP at 32 (Oct. 30, 2019). Juror 24 did not raise her hand in response to this question, indicating a negative response.

The State and defense counsel also questioned the potential jurors. The State asked the potential jurors if anyone would not be able to follow the law if they thought it was "ridiculous or stupid," and juror 24 did not respond. In response to a question from defense counsel asking for reasons why a police officer would lie, juror 24 said that an officer might lie to protect an individual because of a connection to the individual. Finally, defense counsel asked each juror: "If you were Tina Eveskcige and you were charged with Assault 3 and two counts of Domestic Violence Assault 4, would you want someone like you on this jury?" VRP at 114 (Oct. 30, 2019). Juror 24 responded, "No." VRP at 116 (Oct. 30, 2019). Defense counsel did not follow up.

There were no additional significant interactions with juror 24 during voir dire.

As the jury was being selected, Eveskcige did not challenge juror 24 for cause and did not strike her with a peremptory challenge. In fact, Eveskcige used only four of her six peremptory challenges. Eveskcige twice stated that she accepted the jury as it was seated, including juror 24.

During the for-cause dismissals, the trial court actively participated with the process, engaging both the State and defense counsel. The trial court referred to notes taken during voir dire and addressed specific statements potential jurors had made, demonstrating that it had been paying close attention during voir dire.

The jury found Eveskcige guilty of one count of domestic violence assault in the fourth degree, acquitted her of the other count of fourth degree assault, and failed to reach a verdict regarding the third degree assault. Eveskcige subsequently pled guilty to an amended charge of assault in the fourth degree.

The trial court sentenced Eveskcige to 364 days in custody conditionally suspended and imposed fees. The conditions on the suspended sentence forms for both convictions contained provisions stating that all of Eveskcige's legal financial obligations imposed in the judgments would accrue interest.

Eveskcige appeals.

## ANALYSIS

### I. JURY SELECTION

Eveskcige argues that the trial court erred in failing to sua sponte strike juror 24 from the jury as biased. We disagree.

### A. LEGAL PRINCIPLES

Typically, by failing to raise an objection to a juror at the trial court level, a defendant waives the issue on appeal. *State v. Tharp*, 42 Wn.2d 494, 501, 256 P.2d 482 (1953). Additionally, a defendant generally may not raise issues on appeal regarding certain jurors where the defendant did not exercise all of their peremptory challenges during jury selection. *State v. Elmore*, 139 Wn.2d 250, 277-78, 985 P.2d 289 (1999). However, a challenge based on a claim of actual bias of a juror is an issue of manifest constitutional error that has not been waived even if a defendant fails to use all of their peremptory challenges at trial. *State v. Guevara Diaz*, 11 Wn. App. 2d 843, 854, 456 P.3d 869, *review denied* (2020). A trial court's decision on whether to dismiss a juror

for cause is reviewed for a manifest abuse of discretion. *State v. Davis*, 175 Wn.2d 287, 312, 290 P.3d 43 (2012) (abrogated on other grounds by *State v. Gregory*, 192 Wn.2d 1, 427 P.3d 621 (2018)).

A criminal defendant has a right to a fair and impartial jury under both the federal and state constitutions. *Taylor v. Louisiana*, 419 U.S. 522, 526-27, 95 S. Ct. 692, 42 L. Ed. 2d 690 (1975); *State v. Brett*, 126 Wn.2d 136, 157, 892 P.2d 29 (1995). "To ensure this constitutional right, the trial court will excuse a juror for cause if the juror's views would preclude or substantially hinder the juror in the performance of his or her duties in accordance with the trial court's instructions and the jurors' oath." *State v. Lawler*, 194 Wn. App. 275, 281, 374 P.3d 278 (2016).

During jury selection, parties may challenge prospective jurors for cause, including for actual bias. RCW 4.44.170(2). Actual bias is "the existence of a state of mind on the part of the juror in reference to the action, or to either party, which satisfies the [trial] court that the challenged person cannot try the issue impartially and without prejudice." *Id*.

"[A] mere possibility of bias is not sufficient to prove actual bias; rather, the record must demonstrate 'that there was a probability of actual bias.' " *State v. Sassen Van Elsloo*, 191 Wn.2d 798, 809, 425 P.3d 807 (2018) (quoting *State v. Noltie*, 116 Wn.2d 831, 839, 809 P.2d 190 (1991)). A trial court is not required to remove a juror for cause based on equivocal answers alone. *State v. Peña Salvador*, 17 Wn. App. 2d 769, 785, 487 P.3d 923 (2021). However, a juror should be dismissed for cause where it appears "from all the circumstances" that the juror is unable to disregard a preconceived opinion and try the case impartially. *Id*.; RCW 4.44.190.

4

In addition to the challenges by parties, "[a] trial judge has an independent obligation to protect [the right to a fair and impartial jury], regardless of inaction by counsel or the defendant." *State v. Irby*, 187 Wn. App. 183, 193, 347 P.3d 1103 (2015). A trial court has the duty to excuse any juror who, in the trial court's opinion, is unfit to serve as a juror because of bias. RCW 2.36.110. However, a trial court should be cautious of interfering in the jury selection process because of the wide variety of strategic reasons a defendant may have for not challenging certain jurors. *Lawler*, 194 Wn. App. at 284-85. A trial court's decision to sua sponte interfere with the jury selection process may have implications on a defendant's Sixth Amendment right to " 'control important strategic decisions.' " *Id.* at 285 (quoting *State v. Coristine*, 177 Wn.2d 370, 374, 300 P.3d 400 (2013)).

B.  APPLICATION

Eveskcige argues that the trial court erred in failing to sua sponte dismiss juror 24 for cause violating her right to a fair and impartial jury. We disagree.

At the outset, we note that Eveskcige did not request the trial court dismiss juror 24 below and did not use any of her peremptory challenges to dismiss juror 24 although she had two remaining. However, because Eveskcige argues that juror 24 exhibited actual bias, we review the merits of her argument.

For several reasons, we find that the trial court did not commit a manifest constitutional error in failing to dismiss juror 24 for cause.

First, juror 24's statements were equivocal. Her answers demonstrated uncertainty as to the extent she could be impartial and did not establish a firm bias. She stated that her past experience with her daughter would affect her "ability to sit in this case." VRP at 39 (Oct. 30,

2019). This line of questioning was not pursued further by defense counsel, and this statement alone was vague and did not show actual bias. Although she also indicated that if she were the defendant, she would not want someone like her on the jury, this statement was also vague and the reasoning behind it was not explored by defense counsel. Moreover, juror 24 twice confirmed that she would follow the trial court's instructions as to the law regardless of her personal opinions as to what the law should be. This indicated a willingness to disregard any opinions she had and judge the case impartially.

Second, the record demonstrates that Eveskcige's decision to keep juror 24 on the jury was plausibly strategic. Considering Eveskcige had unused peremptory challenges, she had a clear opportunity to remove juror 24 and chose not to do so. This decision to leave juror 24 on the jury was not unreasonable given some of juror 24's statements. Because the victim of one of Eveskcige's assault charges was a police officer, the credibility of the police officer's testimony was an important part of Eveskcige's case. In voir dire, juror 24 agreed that there were circumstances in which a police officer might lie. This statement may have persuaded Eveskcige that juror 24 would be a good member of the jury. We emphasize that trial courts must exercise caution at moments when the parties are making apparently viable strategic decisions. And, here, the record substantiates the likelihood that Eveskcige's decision-making during jury selection was strategic.

Third, the trial court's participation during voir dire supports the conclusion that the trial court also viewed the inclusion of juror 24 by Eveskcige as a strategic decision. The trial court was actively engaged with the State and defense counsel during the for-cause dismissals. During the discussion, the trial court, referring to its notes, addressed specific statements potential jurors

had made during the voir dire, demonstrating that it had been paying attention during that process. This attentive involvement tends to show that the absence of a sua sponte dismissal by the trial court was the result of a deliberate decision to not intervene in the strategic decisions of Eveskcige, rather than inattention.

In viewing the circumstances as a whole, there was not a probability that juror 24 was actually biased. The trial court, therefore, did not err by failing to remove her for cause, especially when Eveskcige did not challenge juror 24 for cause or strike her with an available peremptory challenge. Because the trial court did not err, we find that Eveskcige has failed to demonstrate a manifest error affecting a constitutional right.

## II. INTEREST ACCRUAL

Eveskcige argues, and the State agrees, that we should remand to strike the interest accrual provisions in the judgments and sentences. Under Washington law, "no interest shall accrue on nonrestitution legal financial obligations." RCW 10.82.090(1). The conditions on the suspended sentence forms both contained provisions stating that interest would accrue on all financial obligations imposed in the judgment. Because the judgments and sentences contained provisions that erroneously applied interest to all of Eveskcige's legal financial obligations, we remand to the trial court for the purpose of correcting the provisions.

## CONCLUSION

We affirm Eveskcige's conviction and remand to the trial court for correction of the interest provisions in the judgments and sentences.

7

No. 54132-7-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

PRICE, J.

We concur:

GLASGOW, A.C.J.

VELJACIC, J.

8