IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 38265-6-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| KEVIN DEAN MASON, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

STAAB, J. — Following a jury trial, Kevin Dean Mason was found guilty of three counts of assault in the third degree for spitting on police officers. On appeal, Mason raises three issues. First, Mason argues he was denied his right to a fair and impartial jury because one of the jurors expressed actual bias during voir dire and his attorney did not move to challenge or strike this juror. Second, Mason contends that his attorney was ineffective for failing to strike this juror. Finally, Mason contends that his supervision fees should be struck because they are both discretionary and Mason is indigent.

We conclude that the juror's statements were equivocal and did not demonstrate actual bias, and in turn, Mason did not receive ineffective counsel for failing to challenge this juror. We also hold that a recent statutory amendment applies to the supervision fees imposed on Mason and requires vacation of the fees. We affirm Mason's convictions and remand to strike the supervision fees.

BACKGROUND

On December 11, 2019, Mason was formally charged with three counts of assault in the third degree for spitting on police officers. A jury found Mason guilty of all three counts. On appeal Mason contends that "Juror" 22 expressed actual bias during voir dire.

During vior dire, the jurors were asked whether they had close friends or relatives connected with the courts. When Juror 22 responded that her brother was a sheriff's deputy, the following colloquy took place:

> [PROSECUTOR]: And how do you think it would affect your ability to be a juror.
> JUROR: I'm very close with my brother, and we talk about the cases that he has to deal with, and I think the fact that this assault included police officers, county sheriffs, I think I could be partial.
> [PROSECUTOR]: So you think that you couldn't be open-minded and you'd give the law enforcement the benefit of the doubt? I mean, 'cause I can't believe that your brother's never lied to you or misrepresented something to you. I mean he's your brother, isn't he, he's a sibling?
> JUROR: No, no. Yeah. I trust my brother. I'm not saying that at all.

Agreed Rep. of Proc. (RP) (May 19, 2021) as to page 86.

Following this interaction, the prosecutor continued to ask questions to see if Juror 22 could be impartial:

> [PROSECUTOR]: . . . do you think that that would mean that in this case you'd be more inclined to believe a cop than someone—a non-law enforcement officer?
> JUROR: I'd like to think that I wouldn't, but I do think it's a possibility.

[PROSECUTOR]: And bearing that possibility in mind, do you think that you could be a—a fair and just juror in this case.

JUROR: I don't know. Like I said, I don't know how – when you reason through something that's important—

[PROSECUTOR]: Uh-huh.

JUROR: —that you can't bring in—outside information that already know about what it means to be a police officer.

[PROSECUTOR]: Right. But we—you know, we ask you to come here to serve as jurors and bring your common sense, common experience, and your own personal experience. And—and so, —so the question is can you be fair, can you be fair to the defendant, can you be fair to the state. That's really—what it all boils down to.

JUROR: I would try.

[PROSECUTOR]: That's all we ask—

JUROR: Okay.

RP at 87-88.

Defense counsel followed up by asking Juror 22 if she would give a police officer witness "an advantage" over a non-law enforcement witness, given her experience and relationship with her brother. Juror 22 answered, "Again, I would like to think that I wouldn't. Um, and I would try to give them both a fair start, I guess, using your analogy." Agreed RP as to Page 89. Juror 22 was not challenged for cause or by peremptory and sat as a deliberating juror for Mason's trial.

Following Mason's conviction, he was sentenced to 40 months of incarceration and 12 months of community custody. After reviewing Mason's financial situation, the court entered an order of indigency and imposed mandatory financial obligations.

3

However, preprinted language on the form required Mason to pay Department of

Corrections (DOC) community custody supervision fees.

ANALYSIS

The primary issues on appeal are whether Juror 22 expressed actual bias and

whether Mason's trial attorney was constitutionally ineffective for failing to remove her

with either a challenge for cause or a peremptory challenge and whether the discretionary

supervision fees should be struck.

Criminal defendants have both a federal and state constitutional right to a fair and

impartial jury. *Taylor v. Louisiana*, 419 U.S. 522, 526, 95 S. Ct. 692, 42 L. Ed. 2d 690

(1975); *State v. Brett*, 126 Wn.2d 136, 157, 892 P.2d 29 (1995). Seating a biased juror

violates this right. *In re Pers. Restraint of Yates*, 177 Wn.2d 1, 30, 296 P.3d 872 (2013).

Typically, a defendant waives the issue on appeal by failing to raise an objection to a

juror at the trial court level. *State v. Tharp*, 42 Wn.2d 494, 501, 256 P.2d 482 (1953).

However, a challenge based on a claim of actual bias of a juror is "an issue of manifest

constitutional error" that has not been waived even if a defendant fails to use their

peremptory challenges at trial. *State v. Guevara Diaz*, 11 Wn. App. 2d 843, 854, 456

P.3d 869 (2020).

Although Mason did not move to strike Juror 22, a judge who observes actual bias

has a corollary duty to remove the juror. "It shall be the duty of a judge to excuse from

further jury service any juror, who in the opinion of the judge, has manifested unfitness

as a juror by reason of bias [or] prejudice." RCW 2.36.110. However, a trial court should be cautious of interfering with the jury selection process because of the wide variety of strategic reasons a defendant may have for not challenging certain jurors. *State v. Lawler*, 194 Wn. App. 275, 284-85, 374 P.3d 278 (2016). We review a trial court's failure to remove a juror for actual bias for manifest abuse of discretion. *State v. Grenning*, 142 Wn. App. 518, 540, 174 P.3d 706 (2008).

"When a juror makes an unqualified statement expressing actual bias, seating the juror is a manifest constitutional error." *State v. Irby*, 187 Wn. App. 183, 188, 347 P.3d 1103 (2015). A juror demonstrates actual bias when they exhibit "a state of mind . . . in reference to the action, or to either party, which satisfies the court that the challenged person cannot try the issue impartially and without prejudice to the substantial rights of the party challenging." *Guevara Diaz*, 11 Wn. App. 2d at 855 (quoting RCW 4.44.170(2)).

On the other hand, "a juror's 'equivocal answers alone' do not justify removal for cause." *State v. Grenning*, 142 Wn. App. 518, 540, 174 P.3d 706 (2008) (citing *State v. Noltie*, 116 Wn.2d 831, 838, 809 P.2d 190 (1991). The party claiming bias must provide proof that shows more than a possibility of preference. *Gonzales*, 111 Wn. App. at 281. Even when a juror has formed or expressed an opinion on the action, its witnesses, or the party, the court is not required to dismiss the juror unless the court is "satisfied, from all the circumstances, that the juror cannot disregard such opinion and try the issue impartially." RCW 4.44.190; *State v. Lawler*, 194 Wn. App. 275, 281, 374 P.3d 278 (2016).

5

Mason contends that Juror 22 made statements of partiality toward law enforcement witnesses that demonstrated actual bias. We disagree. After indicating that her brother was a sheriff's deputy, Juror 22 was asked if she would be more inclined to believe a law enforcement witness. She responded, "I'd like to think that I wouldn't, but I do think it's a possibility." RP at 87. When asked if she could be fair to the defendant, Juror 22 responded that she would try. The mere possibility of prejudice is not enough to demonstrate actual bias.

"A prospective juror's expression of preference in favor of police testimony does not, standing alone, conclusively demonstrate bias." *Gonzales*, 111 Wn. App. at 281. Instead, actual bias is demonstrated only when a juror expresses preconceived opinions or beliefs on the issue. *See Id*. at 278 (juror expressed actual bias when she stated, "unless [police] are proven otherwise, they are always honest and straightforward, and tell the truth. So I would have a very difficult time deciding against what the police officer says."); *Irby*, 187 Wn. App. at 196 (juror who said she was "predisposed to believe" police officers but would try to decide the case fairly did not demonstrate actual bias); *State v. Griepsma*, 17 Wn. App. 2d 606, 613-14, 490 P.3d 239, *review denied*, 198 Wn.2d 1016 (2021) (jurors who indicated they would give more weight to a witness's testimony just because they were police officers demonstrated a preference in favor of police and not an actual bias).

In his briefing, Mason assumes Juror 22 expressed actual bias and focuses on the lack of rehabilitation. Before considering rehabilitation, Mason must demonstrate actual bias. *See generally Lawler*, 194 Wn. App. at 283. As mentioned above, Juror 22's statements were equivocal answers. In addition, even after an equivocal answer, Juror 22 answered in the affirmative that she would try to be fair. The trial court is in the best position to evaluate the juror. *Lawler*, 194 Wn. App. at 287. Our review is limited to Juror 22's voir dire answers, which does not allow us to asses her tone of voice, facial expressions, or body language. The record leaves us with an equivocal answer and an affirmative response to try and be impartial.

In support of his argument, Mason cites several cases, including the unpublished decision in *State v. Talbott*, No. 80334-4-I, (Wash. Ct. App. Dec. 6, 2021) (unpublished), https://www.courts.wa.gov/opinions/pdf/803344.pdf, *rev'd*, __ Wn.2d __, 521 P.3d 948 (2022). *Talbott* is easily distinguishable because the parties conceded that the juror expressed actual bias during voir dire, and the only question was whether a party can appeal on the basis a juror should not have been seated even though the party had peremptory challenges remaining. *Talbott*, 521 P.3d at 952. In both *Gonzalez* and *Talbott*, potential jurors made statements of actual bias that needed to be rehabilitated with the assurance that they could be impartial. Here, Juror 22 did not express actual bias and we do not need to decide whether she was rehabilitated.

7

Juror 22's statements were not statements of actual bias. Therefore, Mason's

Sixth Amendment, art. I, § 21, and art. I, § 22 rights of both a fair and impartial jury were

not violated when Juror 22 was allowed to sit at trial and deliberate.

Mason's second argument is that his attorney was constitutionally ineffective for

failing to challenge Juror 22 for cause. This argument fails because he cannot

demonstrate deficiency or prejudice. Both the Sixth Amendment to the United States

Constitution and art. I, § 22 of the Washington State Constitution guarantee effective

assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 684-85, 104 S. Ct. 2052,

80 L. Ed. 2d 674 (1984).

Claims of ineffective assistance of counsel are reviewed de novo. *State v.

Hamilton*, 179 Wn. App. 870, 879, 320 P.3d 142 (2014). A successful claim requires the

defendant to demonstrate two components: that counsel's performance was deficient, and

the deficient performance caused prejudice. *Strickland*, 466 U.S. at 687. Representation

is deficient if after considering all circumstances, it falls "'below an objective standard of

reasonableness.'" *State v. Grier*, 171 Wn.2d 17, 33, 246 P.3d 1260 (2011) (citing

*Strickland*, 466 U.S. at 688). Further, prejudice exists if there is a reasonable probability

that except for counsel's errors, the result of the trial would have been different. *Id*. at 34.

To prevail on an ineffective assistance claim, a defendant must overcome a

"strong presumption that counsel's performance was reasonable." *State v. Kyllo*, 166

Wn.2d 856, 862, 215 P.3d 177 (2009). "A defendant generally must demonstrate the

8

absence of a legitimate strategic or tactical reason for counsel's performance." *State v.*

*Johnston*, 143 Wn. App. 1, 17, 177 P.3d 1127 (2007). "It is a legitimate trial strategy not

to pursue certain matters during voir dire in order to avoid antagonizing potential jurors."

*Johnston*, 143 Wn. App. at 17; *see generally State v. Alires*, 92 Wn. App. 931, 939, 966

P.2d 935 (1998) (noting that excessive questioning or a failed challenge could cause

antagonism toward the defendant).

Here, neither the first nor second prong of the *Strickland* test is satisfied. Mason

contends that counsel was objectively deficient in allowing Juror 22 to serve without

challenge because she was unable to state she could be fair and impartial. However, for

the reasons discussed above, Juror 22 did not demonstrate actual bias by her equivocal

answers and Mason fails to demonstrate that Juror 22 would have been excused had she

been challenged for cause.

Mason does not allege that counsel was ineffective for failing to use a peremptory

challenge on Juror 22. Because Juror 22's statements were not statements of actual bias,

Mason did not receive ineffective counsel when his attorney did not challenge this juror

for cause.

Next, Mason challenges the imposition of DOC community supervision fees as

part of his sentence. We agree that these fees should be struck from his judgment and

sentence. Under former RCW 9.94A.703(2)(d) (2021), unless waived by the court, the

"court shall order an offender to: (d) Pay supervision fees as determined by the

department." However, earlier this year, legislation amended this community custody statute. *See* Second Substitute H.B. 1818, 67th Leg., Reg. Sess. (Wash. 2022). This amendment had an effective date of July 1, 2022, and deleted the supervision fees provision. Likewise, in a recent case published by this court, we held that the amendment should apply to a defendant's case that was pending on appeal. *See State v. Wemhoff*, 24 Wn. App. 2d 198, 519 P.3d 297 (2022). Because Mason's case is pending appeal, his supervision fees should be struck.

We affirm Mason's convictions and remand for the trial court to strike the DOC community supervision fees.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Staab, J.

WE CONCUR:

_____
Fearing, J.

_____
Pennell, J.

10